[S. F. No. 790. Department Two.—February 7, 1899.]

HUGH TONER et al., Appellants, v. CAROLINE MEUSS-DORFFER et al., Respondents.

Action for Death of Tenant's Wife—Lease by Executors—Fraud—Individual Liability.—An action for the death of a tenant's wife, alleged to have been caused by the deceit and fraud of the executors of a deceased person, in leasing the premises to the plaintiff, under a misrepresentation as to their safe condition, if it can be maintained at all, is properly brought against the lessors individually, and could not, in any event, be sustained against the estate of the decedent.

Id.—Concealed Defect—Absence of Fraud—Assertion as to Safety of Premises—Caveat Emptor.—Where it affirmatively appears that the defect in the leased premises was so latent that none of the family of the tenant discovered it during five months' occupation, and that the assertion made by the lessors as to the safety of the premises was not fraudulently made, but was warranted by the appearance of the premises, and was be-

lieved to be true when made, they cannot be charged with fraud in making it, but the rule of *caveat emptor* applies, and an examination of the premises and discovery of the defect rested as much upon the tenant as upon the lessors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Dunne & McPike, for Appellants.

The action is properly against the executors as individuals, and not against the estate. (*Eustace v. Johns*, 38 Cal. 3; *Melone v. Davis*, 67 Cal. 282.)   The allegations take the case out of the rule *caveat emptor*, and show a liability for deceit. (Civ. Code, secs. 1572, 1709, 1710; *Daley v. Quick*, 99 Cal. 179, 182; 185; *Cox v. Highley*, 100 Pa. St. 252; *Cesar v. Karutz*, 60 N. Y. 229; 19 Am. Rep. 164; *Daly v. Wise*, 132 N. Y. 306; Cooley on Torts, 554.)

Lloyd & Wood, and A. Heyneman, for Respondents.

The principle of *caveat emptor* applies to this case, the defect being inherent, and unknown to the lessor. (*Baxter v. Roberts*, 44 Cal. 187; 13 Am. Rep. 160.)   The case is not taken by the allegations out of the settled principles applicable to the relation of landlord and tenant. (*Branger v. Manciet*, 30 Cal. 625; *Brewster v. De Fremery*, 33 Cal. 341; *Loupe v. Wood*, 51 Cal. 586; *Van Every v. Ogg*, 59 Cal. 563;   *Sieber v. Blanc*, 76 Cal. 173; *Willson v. Treadwell*, 81 Cal. 58;   *Tatum v. Thompson*, 86 Cal. 203; *Green v. Redding*, 92 Cal. 548; *Callahan v. Loughran*, 102 Cal. 477; *Moroney v. Hellings*, 110 Cal. 219.)

TEMPLE, J.—This is an action for damages brought by the heirs of Mary E. Toner, deceased.   The defendants are the executors of Charles Meussdorffer, deceased, and in their representative capacity leased   certain premises to the plaintiff, Hugh Toner, who was the husband of Mary E. Toner, deceased, and is the father of the other plaintiffs.   In the action it is sought to recover for the death of the said Mary E. Toner, which it is charged was caused by deceit and fraud practiced upon Hugh Toner by the defendants.

The action, if it could be maintained at all, is properly brought against defendants in their individual capacity, for, in no event, could the estate be charged with damages for the fraud of the executors. Judgment was for the defendants upon the pleadings, and the question to be decided is, therefore, whether the complaint states a cause of action.

After the averment of the letting of the premises, and a description of them, it is alleged in the complaint as follows:

"During all the time of the aforesaid occupancy of said hired premises by said Hugh Toner and his family, the fence of said rear gallery was attached to the said hired premises on the north, that is, to the said closet, by nails, and was attached to an upright post on the floor of said gallery at the south also by nails. Said nails and posts were, at the time of said hiring and at all the times of the aforesaid occupancy, insecure, defective, rotten, and insufficient to hold said fence in place, and were at all of said times suffered to remain in such condition by the said defendants; and such condition, during all of said time, was known to the said defendants, and unknown to the said occupants, namely, the said Hugh Toner and his said family, and the said defendants, during all of said times, allowed the said occupants to be and remain in the said premises in ignorance of their said condition.

"5. At the time of the aforesaid hiring by the said Hugh Toner of the said hired premises, the defendants, with intent to induce him to hire the same, asserted to him positively that the said premises were entirely safe and in perfectly sound condition. This assertion was not true when made, or at any time during the aforesaid occupancy; and it was made in a manner not warranted by the information of the said defendants, that is to say, positively and without qualification, and in the absence of any knowledge or information on the part of the defendants as to the truth of the assertion. The said Hugh Toner believed the said assertion to be true when made, and upon the faith thereof, and induced thereby, hired the said premises as aforesaid; and at no time during the period of the aforesaid occupancy until the happening of the accident hereinafter mentioned did the said Hugh Toner, or any of his family, have any other knowledge or belief upon the subject, except as conveyed

by the said assertion; and in this behalf these plaintiffs aver that the aforesaid condition of the said rear gallery was inherent, and not apparent upon exterior view, and was not disclosed to the said Hugh Toner, or any of his said family, until the happening of the said accident."

The allegation of knowledge on the part of the defendants is that, while the plaintiff and his family were occupying the premises, the defendants knew of their condition. But in the next paragraph it is alleged that the defendants asserted positively, and without qualification, that the premises were entirely safe and in a perfectly sound condition in the absence of any knowledge or information on the part of the defendants as to the truth of the assertion, and that the defect was inherent and not apparent upon exterior view. Furthermore, it is stated in the complaint that the plaintiff and his family had occupied the premises continuously from the second day of April, 1895, until the third day of September of that year, and the defects were "not disclosed to the said Hugh Toner, or any of his said family, until the happening of the said accident."

It affirmatively appears, therefore, that the assertion was made in good faith, without any knowledge of the defect, and was warranted by the appearance of the premises. The defect was so latent that none of the plaintiff's family discovered it during five months' occupation. Certainly this was not a fraud upon the part of the defendants, unless before making such a declaration they were called upon to make such an examination as would have led to the discovery of the defect. The complaint does not discuss the character of the examination that would have been required.

The assertion is little more than what would be called *simplex commendatio*, rather than a representation, had defendants themselves been the landlords. The duty of making an examination rested as much upon the lessee as upon the landlord, and to all such transactions the rule of *caveat emptor* applies. It is not averred that the lessee abstained from making an examination because of the representations, and clearly he would not have been justified in refraining from so doing in reliance upon such an assertion. I think the defendants cannot be charged with fraud for an assertion which they believed to be true, and which

seemed to be amply justified by their information, because of the existence of an unsuspected defect which it is not made to appear they ought to have known.

There are other objections to the complaint which I do not deem it necessary to discuss.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.