## CLARKE v. WELSH.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. LANDLORD AND TENANT—UNSAFE PREMISES—LANDLORD'S DUTY.

A building consisted of stores on the first floor, and apartments above, and at the rear there were balconies running across the building, on a level with the several floors; each balcony being connected with the other by stairways, and being used by the tenants to reach a common cellar and yard. *Held*, that the landlord owed the occupant of a tenement the duty of exercising ordinary care to make the railing of the balconies in the rear of the stores reasonably safe.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a landlord for the death of a tenant owing to the railing of a balcony in the rear of the building having given way with her as she leaned over the railing, *held*, that the question of her contributory negligence was one for the jury.

Appeal from Trial Term.

Action by Joseph Clarke, as administrator of the estate of Anne Clarke, deceased, against Elizabeth B. Welsh. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James M. Hunt, for appellant.

Michael J. Tierney, for respondent.

WOODWARD, J. The defendant in this action, who appeals from the judgment, is the owner of a four-story tenement building in the city of Yonkers. The building has three stores on the ground floor, and above these stores are apartments. At the rear there are four balconies, running entirely across the building, and on a level with the several floors. From each of these balconies there is a single stairway leading to the balcony above, and these stairways were used by the tenants of the several apartments in reaching a common cellar and yard. The plaintiff's theory, and the one which must have been accepted by the jury, was that these several balconies, which were not partitioned, and the single stairway leading to them, and thence to the

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 629, 633.

yard and basement, were retained in the custody and control of the defendant for the common use of all of the tenants, and that the defendant therefore owed the plaintiff's intestate, who was one of such tenants, the duty of ordinary care in the construction, care, and maintenance of such balconies. The defendant, on the other hand, insists that only the balconies in the immediate rear of the several apartments, or at least in the case of the store in the rear of which the accident occurred, belonged to the tenant, and that, as the plaintiff's intestate was injured through the falling of the railing in the rear of one Friedman's store, the defendant owed her no duty.

We think the facts and circumstances, in connection with the evidence of plaintiff's witnesses, are sufficient to support the view taken by the jury, and that the defendant did owe the plaintiff's intestate the duty of exercising ordinary care in making the balcony in the rear of Friedman's store reasonably safe for the purpose for which it was intended. Certainly, if there was need of the railing in the first instance, the defendant owed it to the common tenants of the building to see that it was maintained in a reasonably safe condition, or at least to exercise a reasonable degree of care to this end.

The evidence shows that on the 2d day of January, 1903, at about 10:30 a. m., Mrs. Clarke, plaintiff's intestate, who lived with her husband and children upon the second floor of this building, immediately over the store of Mr. Friedman, came down the common stairway to the balcony in the rear of the Friedman store; that she passed along this balcony to near the end of the building, where she leaned over the railing with her hand upon the same, for the purpose of calling to her children, who were in the yard below, and who were quarreling at the time. While in this attitude, the railing fell, and the woman was precipitated to the ground, seven feet below, receiving injuries which resulted in her death soon afterward. While there was some conflict of evidence, there was enough before the jury for them to find that the railing was rotted to a degree which could hardly have escaped detection if any reasonable effort had been made to determine the safety of this balcony railing. One witness testified that it was so decayed at the point where it joined the upright post that it crumbled in his fingers when he took hold of the wood, and there was no dispute that it was in such a condition that it would not hold nails, and that the nails which had been used were rusted and rotten. There was evidence that this condition had been covered up by the use of paint, and the danger, if it may be presumed to have been known to the intestate, was not of that obvious character which would demand a finding of contributory negligence, although it might warrant the jury in finding that it was such a defect as would be discovered by reasonable inspection on the part of one owing the duty of reasonable care in maintaining such a railing. The railing being there for the obvious purpose of protecting those who were lawfully using the balconies, plaintiff's intestate had a right to assume that they were reasonably adapted to that purpose, and whether she was in the exercise of a reasonable degree of care in leaning over this railing without taking the pains to make an examination was clearly a question for the jury. The danger is not shown

to have been known to her. It is insisted on the part of the defendant that it was not obvious, and it was therefore for the jury to say whether the leaning upon the railing for the purpose of looking into the yard or under the veranda was within the scope of that reasonable care which the plaintiff's intestate owed to the defendant in the use of this balcony, as a condition of the plaintiff's recovery. In other words, the defendant was maintaining a railing around this balcony, and the question presented to the jury was whether the plaintiff's intestate, in approaching the railing and leaning upon it as she did (she being a woman of about 110 pounds weight), exercised that degree of care which the obvious circumstances demanded—whether she had a right to rely upon the safety of the structure to the extent that she obviously did in leaning out over it. The jury has found that she was exercising that reasonable degree of care, and, in the light of common experience as to what men and women do under similar circumstances, and what they might fairly be expected to do, we see no reason for holding that the jury is not justified in its verdict.

The judgment and order appealed from should be affirmed. with costs. All concur.