WALSH v. FREY.

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

1. LANDLORD AND TENANT—INJURIES TO TENANT—LIABILITY OF LANDLORD.
    Where a landlord has reserved to himself, for the common use of the tenants of a building, the balconies, stairways, or steps, he is bound to use ordinary care to keep them in a reasonably safe, and suitable condition.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 629.]

2. SAME—BUILDING ATTACHMENTS—USE BY TENANT.
    Defendant had provided a place for the hanging of clothes by his tenants; but plaintiff, who occupied the first floor of the building in question, strung lines for that purpose between the uprights of the rear porch. The floor was some seven feet from the ground, and while leaning upon the rail

of the porch, as she was hanging clothes on the line, the rail gave way and precipitated her into the yard. The landlord had reserved the rear balcony and steps leading therefrom to the yard for the common use of the tenants of the building as a thoroughfare. *Held*, that the use plaintiff was making of the piazza when she was injured was an exclusive use for her own convenience, and that defendant was, therefore, not liable for her injuries.

Kellogg, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Kate Walsh against William A. Frey. From a judgment dismissing the complaint on the merits, on a judgment directed by the court at the close of the proofs, plaintiff appeals. Affirmed.

The action is for personal injuries. The plaintiff was a tenant in a two-story and basement house owned by the defendant, and occupied the principal or first story and basement. The second story was occupied by another tenant. There were back piazzas or balconies on the house, the floor of each of which was level with one of the floors of the house. The second-story balcony was connected by stairs leading to the first-story balcony, and from the first-story balcony steps led to the yard in the rear of the house. The first-story balcony and rear steps were used in common by the tenants in reaching the yard, where were two woodsheds, one of which was used by the plaintiff and the other by the tenant on the second floor. The floor of the first-story balcony was 7 feet from the level of the ground in the yard. The balcony was inclosed by two 2 by 4 inch rails, one about 3 feet and the other about 3 inches above the floor, fastened to upright posts used as supports for the balcony floors. Between the two rails were a series of pickets, which were held in position by being nailed to the upper and lower rails. The defendant had provided pulleys and hooks in the yard for the use of the plaintiff in hanging up her washings. After residing there two weeks, the plaintiff placed pulleys on the uprights supporting the piazza on her floor, without the knowledge or consent of the defendant, and hung her clothes from lines extending from these pulleys thereafter, and did not use the hooks and pulleys in the yard which the defendant had provided.

Argued before PARKER, P. J., and SMITH, CHESTER, and KELLOGG, JJ

Eugene D. Flanigan, for appellant.

William E. Woollard, for respondent.

CHESTER, J. It seems to be established by the authorities that where a landlord has reserved to himself, for the common use of the tenants of a building, any balconies, stairways, or steps, he is bound to use ordinary care in keeping them in a reasonably safe and suitable condition for the common purpose for which they were reserved. Peil v. Rinehart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; Clarke v. Welsh, 93 App. Div. 393, 87 N. Y. Supp. 697. But here, while the defendant had reserved the rear balcony and the steps leading therefrom to the yard for the common use of both of his tenants as a thoroughfare or means of going from their respective tenements to the yard, the injuries which the plaintiff received did not come from any such use of the parts so reserved. She was injured by the rail giving away and precipitating her into the yard as she was leaning upon it while hanging clothes upon the line which she had put up. The tenant of the upper floor never used this line, and had no right to its

use, as it was put up by and belonged to the plaintiff. It was not there for the common use of both tenants; nor was it placed there by the landlord. He had, on the contrary, provided another place for the use of this plaintiff in hanging out her washings, and which for reasons of her own she had chosen not to use. The use she was making of the piazza when she was injured was not in any sense a common use, or as a thoroughfare or right of way, and was not a use available to the other tenant as well as to herself, but was an exclusive use to suit her own convenience, and, unless we are to enlarge or extend the liability of a landlord beyond that held in any reported case that has been called to our attention, this plaintiff cannot succeed in her action.

The case nearest in point is Clarke v. Welsh supra, which is one where the plaintiff's intestate, while passing along a balcony which had been retained by her landlord for the common use of all his tenants, including the deceased, leaned over the railing with her hand upon the same for the purpose of calling to her children, who were quarreling in the yard below, when the railing gave way, and she fell to the yard and received fatal injuries. She was using the balcony as a passageway and in a manner which was fairly within the common purpose for which it was reserved by the landlord for the use of all his tenants, which was not the situation in the case we are now considering.

We think, for the reason given, that the court was right in directing a verdict for the defendant, and that the judgment entered thereon should be affirmed, with costs. All concur, except KELLOGG, J., who dissents.