[Crim. No. 154.    First Appellate District.—June 30, 1908.]

## Ex Parte ABRAHAM RUEF, on Habeas Corpus.

CRIMINAL LAW—RIGHT OF ACCUSED TO BAIL.—The admission of an accused person to bail, except in capital cases where the proof is evident and the presumption great, is a constitutional right which the accused can claim, and which no court or judge can properly refuse.

ID.—QUALIFICATION OF BAIL—FRIENDS AND RELATIVES NOT EXCLUDED.— Under the qualifications of bail prescribed in sections 1278 and 1279 of the Penal Code, friends and relatives of the accused are not excluded from qualifying as sureties on his behalf; and the court has no power arbitrarily to refuse them for the sole reason that they are such.

ID.—RIGHTS OF DISTRICT ATTORNEY IN EXAMINING WITNESSES.—The district attorney should be allowed to bring witnesses, and examine them freely, and to cross-examine the sureties, and all reasonable means of investigation should be allowed, but no unreasonable delay should be granted.

PETITION for writ of *habeas corpus* to secure admission to bail.

The facts are stated in the opinion of the court.

Henry Ach, Frank J. Murphy, and M. C. Chapman, for Petitioner.

W. H. Langdon, and Francis J. Heney, for Respondent.

THE COURT.—It appears in this case that bail has been fixed in certain criminal proceedings pending in the superior court of the city and county of San Francisco under several indictments against defendant. It further appears that the judge of the superior court in whose department the proceedings are pending, while examining sureties offered by defendant on his various bonds, declined and refused to accept anyone as surety unless such surety was the owner of real estate equal in amount to the sum for which he desired to qualify upon such bond, and for which he was to become liable; and further, that such judge refused to hear or consider the financial responsibility of any relative of the prisoner, or to receive any such relative on the bond, no matter what amount of property such relative might possess in his own name. It further appears that the hearing as to the qualification of the proposed sureties on the several bonds has been heretofore continued from time to time by the judge of said court against the protest and objection of the prisoner, the last hearing being continued from June 27th to July 3d, 1908. It further appears that the judge of said court directed his reporter not to take down any of the proceedings or testimony on the examination of such sureties in the proceedings before him.

This is an application for a writ of *habeas corpus,* in order that the prisoner may be admitted to bail upon giving bonds with good and sufficient sureties as required by law. Our constitution provides that all persons shall be bailable by sufficient sureties unless for capital offenses where the proof is evident or the presumption great. (Cal. Const., art. I, sec. 6.) The constitution of the United States provides that excessive bail ought not to be required. (Amendment 8.) The admission to bail, except in capital cases where the proof is evident or the presumption great, is a constitutional right which the accused can claim, and which no court and no judge can properly refuse. (*People* v. *Tinder,* 19 Cal. 542, [81 Am. Dec. 77].)

This brings us to the question of the qualification of bail. Under the constitution of the United States and the constitution of this state, the legislature could not prescribe such burdensome rules as to sureties, and their right to qualify as such, that the prisoner would be deprived of his constitu-

tional right to be admitted to bail upon giving sufficient sureties. In this state, however, the legislature has prescribed the form of the undertaking and the qualifications of bail. (Pen. Code, secs. 1278, 1279.) It is the duty of the court to follow the law as it is written in all cases, under all circumstances, without fear and without regard to public clamor, with no friendships, no feelings, no prejudice, and totally without regard to personal consequences to himself. Any other course would bring the law into disrepute, take away the safeguards of liberty for which the Anglo-Saxon race has so long struggled. The judge should look to the law and the rule prescribed by the legislature for his guidance, regardless of his own personal opinions.

The qualifications of bail are thus stated in the Penal Code:

"1. Each of them must be a resident, householder or freeholder within the state; but the court or magistrate may refuse to accept any person as bail who is not a resident of the county where bail is offered.

"2. They must each be worth the amount specified in the undertaking, exclusive of property exempt from execution; but the court or magistrate, on taking bail, may allow more than two sureties to justify severally in amounts less than that expressed in the undertaking, if the whole justification be equivalent to that of sufficient bail."

Upon examination of the section it is easily seen that each of the sureties must be a resident of the state. He must be a householder or freeholder within the state, but if he is either, it is sufficient. He may be a householder and not be a freeholder, or he may be a freeholder and not a householder. The court or magistrate may refuse to accept any person who is not a resident of the county where the bail is offered; but this discretion the court rarely avails itself of; and we apprehend that a court would not refuse a surety for the simple reason that he is not a resident of the county, unless there is some circumstance that would reasonably excite suspicion as to such surety, or unless it would be difficult to investigate his financial standing in a distant location.

As to property qualification, the requirement is that each surety must be worth the amount specified in the undertaking exclusive of property exempt from execution. It may be real or personal property, in the county or elsewhere. Its

situation may be inquired into for the purpose of testing the truth as to whether or not the surety really owns the property, and the court in all cases should be careful not to accept fictitious or worthless bail, or to accept persons as sureties who are not financially responsible. Witnesses may be examined and the sureties placed upon oath. The district attorney should be allowed to bring witnesses and examine them fully; and he should further be allowed to fully cross-examine the sureties, and all reasonable means of investigation allowed, but no unreasonable delay should be granted. Neither friends nor relatives are excluded by the statute; and the court has no power to arbitrarily refuse them for the sole reason that they are relatives or friends. In fact it is usual and customary for the prisoner to call upon his friends and relatives in such cases. It is much more natural for those to become sureties for the prisoner than for strangers to do so.

The object of bail is to secure the prisoner's attendance. In case of default of his appearance the amount of bail is declared forfeited. It can make no difference whether the sureties are relatives or not, provided they are financially responsible. If the bail is forfeited and the money paid, it makes no difference where it comes from. The prisoner is entitled to have his sureties examined in accordance with the law and the views herein expressed.

It is ordered that the further hearing of this writ and the further proceedings in this matter be referred to the Hon. Frank J. Murasky, one of the judges of the superior court of the city and county of San Francisco, to hear the testimony as to the qualification of the sureties; to approve the bonds if sufficient sureties are produced; and upon sufficient sureties being produced and the bonds approved in the amounts and in the several sums heretofore fixed, that the prisoner be discharged from custody.