## Thomas Durkin, Appellee, v. Marshall Field & Company, Appellant.

## Gen. No. 15,489.

NEGLIGENCE—*when maintenance of defective railing does not constitute.* If an injury results from the use of a railing for a purpose for which it was not intended, negligence is not shown.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of fact. Opinion filed May 5, 1911.

FRANK P. LEFFINGWELL, for appellant.

QUIN O'BRIEN and LAWRENCE W. POTTER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellee, Thomas Durkin, was on the 19th day of November, 1906, employed as a common laborer by the firm of McNulty Bros., of Chicago, a corporation engaged in the plastering, cementing and decorating business.

At the time of the accident McNulty Bros. had a contract for work on the twelfth and thirteenth floors of the building of Marshall Field & Co., used as a retail store. Proof shows that there were many elevators running to the twelfth floor for the carrying of passengers in this building, but only one of them that went higher than the twelfth floor. This one elevator was used for the carrying of freight and ran to the thirteenth floor. There was a narrow stairway which ran between the twelfth and thirteenth floors, a distance of fifteen to eighteen feet. There was a turn in the stairway, and the evidence seems to indicate that at the turn it was about thirty inches wide and at its

broadest part about three feet wide. At the head of the stairway there was a railing which Thomas Gallagher, one of the witnesses for appellee, spoke of in his testimony as "a kind of a screening * *· * it was like a guide for keeping people or anything else from falling down the stairs; it was a kind of guide and was a kind of hand rail."

Appellee was ordered by the foreman of McNulty Bros. to take a wheelbarrow from the thirteenth floor to the first floor. There was a dispute in the testimony as to whether he was directed by the foreman to use the stairway or to use the freight elevator. The appellee, with the assistance of another man, placed the wheelbarrow on his shoulders and attempted to go down the stairs. It is quite apparent that the stairs were so narrow as to make this a very difficult thing to do. The probability is that the foreman expected him to use the freight elevator. In going down the stairway, the appellee stumbled and caught hold of the pipe constituting the "screening" or "guide." It seems from the testimony that this pipe had been broken and was fastened with a wire.

The declaration in the first count charges the defendant, Marshall Field & Co., with having "carelessly and negligently, on the day aforesaid, and for a long time prior thereto, maintained said stairway in a defective and dangerous condition in that on the side of said stairway which was steep there was then and there a certain handrail which was weak and defective, and was unfastened and unsupported at its upper end, at, to-wit: the top of said stairway," etc.

The second count is practically the same as the first, and recites that the stairway was in a defective and dangerous condition "in that on the side of the stairway which was steep there was then and there a certain handrail which was weak and defective, and insecurely and improperly fastened and supported at its upper end at to-wit: the top of said stairway."

In our opinion, the negligence charged in the decla-

ration was not proved.   The declaration was evidently drafted with the expectation that the facts would disclose that there was a handrail on the side of the stairway, whereas the fact is that the rail which was shown to have been out of order was not intended for the same purposes as a handrail, but was at the top of the stairway to serve as a sort of a warning.   It was not intended to be grasped by a person who was using the stairway, as is the purpose of the ordinary handrail.

We do not wish, however, to base our decision upon the want of proper allegation in the declaration, for the reason that even if an allegation properly setting out the facts were in the declaration, the appellee, in our opinion, should not be allowed to recover, because the mere fact that this railing, when used for a purpose for which it was not intended, gave way, is not sufficient ground upon which to base a charge of negligence of the defendant.

It is unnecessary for us to discuss the many other questions raised by the appellant in its brief.   The charge is made that the plaintiff was intoxicated.   It was his first day's employment at this place, and he admitted that he had taken a drink with the foreman a short time before the accident occurred, but insisted he was not intoxicated.   Several of the defendant's witnesses testified that in their opinion he was under the influence of liquor.   Dr. Wheeler, who attended him in the appellant's store, testified that "his actions were that of a drunken man.   For one particular thing when I attempted to make an examination of him he combatted me, and he talked in a peculiar manner, like a drunken man.   When I applied the dressing to his side he threw himself about and tried to resist me in every manner possible.   In fact, when I applied the dressing on his side there were two men held his arms for me."

It is further urged that in attempting to go down this narrow, winding stairway, with a wheelbarrow on

his shoulders, appellee was guilty of contributory negligence. The stairway was built of iron, and while the declaration charges that it was in an unsafe condition, there was no proof but that in every particular it was absolutely solid and capable of holding any weight which it would be called upon at any time to sustain.

It is also claimed by the appellant that the damages were excessive. Internes and nurses of the hospital were placed upon the stand, and their records of his condition shown. If their testimony is to be believed, it is quite apparent that the appellee was not injured and did not suffer to the extent he claimed in his testimony. It is also apparent that the jury did not entirely credit him, as the amount of the award in their verdict was but $1,200.

The judgment will be reversed with a finding of fact.

*Reversed with finding of fact.*