KUCERA v. GRIGSBY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7077. Decided Jan. 24, 1927

714. LIABILITY—Where employee of independent contractor engaged in doing work on premises of owner uses an insecure window upon which to stand, which is wholly unnecessary in connection with the work to be performed by such employee, the owner is not liable and the court committed no error in directing a verdict for defendant.

First Publication of this Opinion

SULLIVAN, J.

The question to be determined in this action, instituted in the Cuyahoga Common Pleas by Frank Kucera against William Grigsby, is whether the court committed prejudicial error in sustaining a motion to direct a verdict for Grigsby at the close of Kucera's case on the ground that there was no duty owing by Grigsby, the owner, to Kucera, who was an employee of an independent contractor and engaged as a tinner in the repair or construction of a gutter which was insecurely fastened until the carpenter should permanently fasten the same as a component part of the building.

The Court of Appeals held:

1. An owner of real estate is not only liable to an independent contractor, but to employees of such contractor at work upon the premises; and he is held liable for the exercise of ordinary case to all persons using his property in a proper way.

2. The injury in this case resulted from an unusual if not unnecessary use of Grigsby's property, namely: the using of the insecure window frame by Kucera instead of a ladder.

3. The real question is whether the owner is liable for injuries resulting to an employee where the proximate cause of the injury is the result of using the owner's property in such a manner as does violence to its purpose, use and intention.

4. The exercise of ordinary care is the exercise of reasonable care; and to impose the responsibility upon the owner of being responsible for injuries resulting from unexpected uses of his property and contrary to its purpose and design, would be without the domain of reasonableness.

5. There was no need of Kucera to call into use the insecure window in order to perform his work and it was not an instrumentality connected with the performance of his duty. Timmons v. R. R. Co., 6 OS. 105.

Judgment affirmed.

(Levine, PJ., concurs.)

Attorneys—Payer, Winch, Minshall & Karch for Kucera; S. J. Deutsch for Grigsby; all of Cleveland.