## BERGHMAN v. DUFRESNE et al.

Court of Appeals of District of Columbia.
Submitted January 6, 1928. Decided
February 6, 1928.

No. 4600.

1. Innkeepers ⬤⟦10—Rooming house proprietors held required to maintain balcony and railing in reasonably safe condition.

Proprietors of rooming house *held* to have duty to maintain balcony and railing in reasonably safe condition, where such balcony was accessible through door opening from guest's room and was in general use.

2. Innkeepers ⬤⟦10—In action against rooming house proprietors for death of roomer, who fell when railing on balcony broke, contributory negligence held for jury.

In action against rooming house proprietors for death of roomer by breaking of railing on balcony, question of contributory negligence *held* for jury, though deceased leaned over railing without first making examination of it, since evidence that balcony had "forlorn appearance," and that decayed condition was disclosed after breaking of railing, did not, as matter of law, charge deceased with knowledge that railing was unsafe.

Appeal from the Supreme Court.

Action by Charles O. Berghman, administrator of the estate of Hilfred Berghman, deceased, against Joseph F. Dufresne and another. Judgment for defendants on directed verdict, and plaintiff appeals. Reversed and remanded.

J. W. Tomlinson, of Washington, D. C., for appellant.

T. M. Wampler, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia on a directed verdict for the defendants, at the close of plaintiff's evidence and upon the ground of contributory negligence, in an action for damages for the death of plaintiff's intestate, alleged to have resulted from the negligence of defendants in maintaining an unsafe and dangerous balcony railing.

In the declaration it is alleged that the defendants negligently permitted the railing on the balcony to become rotten and unsafe. In the pleas filed by the defendants they deny "that they knew or with reasonable care could have known of the unsafe condition of the railing, and further deny that they permitted the railing to become rotten and unsafe."

They further aver that plaintiff's intestate was negligent, "in that she jumped on the balcony, threw her weight against and leaned over the railing, causing said railing to give way."

The plaintiff's evidence, stated in narrative form, is substantially as follows: The defendants were the proprietors of a rooming house at 1309 Seventeenth Street, Northwest, in this city, and the deceased, Miss Hilfred Berghman, had been one of their roomers for about a month prior to the accident, occupying a room on the third floor, adjacent to which was a narrow balcony extending the width of the house. Around this balcony was a wooden railing about waist high. Access to the balcony was gained by climbing out of a bathroom window or through a door opening from Miss Berghman's room. Prior to the accident members of defendants' family and others had used the balcony. There was "some kind of arrangement to hang the clothes on, which ran the length of the porch," and this was used by defendants' family.

On the occasion of the accident Miss Berghman and a male friend were on the balcony. The decedent "was leaning against the railing, around the porch, trying to reach a limb of a tree, and was apparently trying to throw a string or wire over a limb of a tree, and she did this a number of times, and the railing and the lady fell to the alley, which runs by the south side of the house. The lady was removed to the hospital," where she died the same evening. The porch had "a forlorn appearance," and apparently had not been painted for many years. An examination of the railing after the accident disclosed that the broken parts were badly decayed.

[1, 2] The law imposed upon the defendants the duty of maintaining this balcony and railing in a reasonably safe condition. The balcony was in general use, not only by the defendants, but by their roomers. The railing being there for the obvious purpose of protecting those who were lawfully using the balcony, plaintiff's intestate had a right to assume, unless its unsafe condition was obvious, that it was reasonably adapted to that purpose, and the question whether she was in the exercise of reasonable care in leaning over this railing, without first making an examination of it, was for the determination of the jury. Clarke v. Welch, 93 App. Div. 393, 87 N. Y. S. 697; Looney v. McLean, 129 Mass. 33, 37 Am. Rep. 295; Dillehay v. Minor, 188 Iowa, 37, 175 N. W. 838, 11 A. L. R. 106.

We think the evidence falls short of establishing that this railing was so obviously unsafe as to charge Miss Berghman with knowledge, as matter of law. The mere fact that it had "a forlorn appearance," and that after it broke away its decayed condition was disclosed, did not, in our view, amount to such notice. The knowledge plaintiff's intestate must have had of the general use of this balcony, not only by the defendants, but by others, naturally would have caused her to be less critical in her inspection of it. The defendants, on the other hand, charged as they were with the duty of maintaining the balcony in a reasonably safe condition, and knowing that it was exposed to the elements, should have taken some precautions, by inspection or otherwise, to discharge their duty in that regard.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Reversed and remanded.