[Civ. No. 4210.   Third Appellate District.—November 19, 1930.]

WALTER ELLIS, Respondent, v. SAMUEL J. McNEESE, Appellant.

'J. Wiseman Macdonald for Appellant.

Rosecrans & Emme and Bayard R. Rountree for Respondent.

. MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an appeal by the defendant from a judgment in favor of the plaintiff for damages

on account of personal injuries alleged to have been caused by the defendant's negligence.

There is little conflict in the evidence. At all the times mentioned herein the defendant was the owner of a three-story building, divided into six flats, each flat having both a front and rear entrance. From a photograph contained in the transcript; showing the rear end of the building, and also from the testimony of the plaintiff, it appears that an independent outside stairway was provided for each of the flats in the second and third stories. For six or seven years before, and at the time of the accident, Mrs. Norma Vir Den held a lease on three of the flats, one on the second floor, one on the third, and the location of the third flat not appearing from the evidence. The plaintiff and his family resided in one of the flats on the third floor, under a sublease from Mrs. Vir Den. The rear stairway leading down from the plaintiff's flat had a guard-rail on either side thereof, consisting of a two by four inch scantling, apparently sixteen or eighteen feet in length, toenailed at either end thereof to upright four by four inch posts, and further supported by very light spindles toenailed to the treads of the stairs. Attached to the outer guard-rail, about three feet from the upper end thereof, was a pulley constituting one end of "a pulley type clothes line", the pulley at the other end being attached "to the back fence". This clothes-line was in use at the time Mrs. Vir Den took possession.

The plaintiff testified: "In the evening of that day I was taking some clothes off the line . . . and just as I got the clothes over here to where I could get them off the line . . . this guard rail gave way with me and I dropped three stories to the ground. . . . The line did not stick in any way. It pulled in easily. . . . When I went to reach for the clothes to get them, I had to lean against this banister to a certain extent, because I had to reach over to get my clothes. . . . As near as I can figure, I didn't have any weight at all, hardly, against the rail."

The plaintiff also testified: "Other persons besides myself and family used that stairway." His wife testified to the same effect. There is no evidence that other tenants used the stairway in question or that it was designed or intended to be used by tenants of other apartments. Mrs.

Vir Den testified that no part of the premises were reserved for the defendant.

"In the absence of fraud, concealment, or covenant in the lease, a landlord is not liable to a tenant for injuries due to the defective condition or faulty construction of the demised premises." (15 Cal. Jur. 704; *Gately* v. *Campbell,* 124 Cal. 520 [57 Pac. 567]; *Toner* v. *Meussdorffer,* 123 Cal. 462 [56 Pac. 39]; *Daley* v. *Quick,* 99 Cal. 179 [33 Pac. 859]; *Farber* v. *Greenberg,* 98 Cal. App. 675 [277 Pac. 534]; *Nelson* v. *Myers,* 94 Cal. App. 66 [270 Pac. 719]; *Priver* v. *Young,* 62 Cal. App. 405 [216 Pac. 966].) It is not sufficient to show that by the exercise of reasonable care the landlord could have discovered the defective condition, but in order to hold him liable it must appear that he knew of such defect. (*Ayres* v. *Wright,* 103 Cal. App. 610 [284 Pac. 1077].)

A qualification of the foregoing rule is that "where a portion of the premises is reserved by the landlord for use in common by himself and tenants, or by different tenants, a duty is imposed upon him to use ordinary care to keep those particular portions of the premises in a safe condition; and if he is negligent in this regard, and a personal injury results to a tenant by reason thereof, he is liable therefor". (*Hassell* v. *Denning,* 84 Cal. App. 479, 482 [258 Pac. 426, 427]; *Brown* v. *Pepperdine,* 53 Cal. App. 334, 336 [200 Pac. 36].) This qualification, however, does not apply unless the injury occurred while the injured party was putting the unsafe portion of the premises to a use reasonably intended. (*Smelser* v. *Deutsche Evangelische, etc.,* 8 Cal. App. 469, 475 [263 Pac. 838]; *De Motte* v. *Arkell,* 77 Cal. App. 610, 626 [247 Pac. 254]; *Shellman* v. *Hershey,* 31 Cal. App. 641, 650 [161 Pac. 132]; *Durkin* v. *Marshall Field & Co.,* 161 Ill. App. 505; *Glain* v. *Sparandeo,* 119 La. 339 [44 South. 120]; *Orcutt* v. *Kittery Point Bridge Co.,* 53 Me. 500; *Stickney* v. *City of Salem,* 3 Allen (Mass.), 374; *Eisenhauer* v. *Ceppi,* 238 Mass. 458 [131 N. E. 184]; *Kinney* v. *Onsted,* 113 Mich. 96 [67 Am. St. Rep. 455, 38 L. R. A. 665, 71 N. W. 482]; *Kelley* v. *Lawrence,* 195 Mo. 75 [92 S. W. 1158]; *Walsh* v. *Frey,* 116 App. Div. 527 [101 N. Y. Supp. 774]; *Kucera* v. *Grigsby,* 24 Ohio App. 457 [156 N. E. 249]; *Gavin* v. *O'Connor,* 99 N. J. L. 162 [30 A. L. R. 1383, 122 Atl. 842]; *Robinson*

v. *Leighton,* 122 Me. 309 [30 A. L. R. 1386, 119 Atl. 809];
*Landers* v. *Brooks,* 258 Mass. 1 [49 A. L. R. 562, 154 N. E.
265].) In many of the cases cited, the alleged injuries
resulted from leaning against defective railings. Some of
the cases were not actions between landlords and tenants
but between parties in such relations that the defendants
were under obligation to exercise reasonable care for the
safety of the plaintiffs. *Powers* v. *Raymond,* 197 Cal. 126
[239 Pac. 1069], is a case analogous in point of law.

There are other cases holding that, under the particular
facts and circumstances thereof, it was a question of fact
whether leaning on a railing was one of the intended uses
thereof. (*Pavlovchik* v. *Lupariello,* 101 Conn. 567 [127
Atl. 18]; *Price* v. *Florsheim,* 13 La. App. 298 [127 South.
22]; *Urserleo* v. *Rosengard,* 248 Mass. 542 [143 N. E. 497];
*McGinley* v. *Alliance Trust Co.,* 168 Mo. 257 [56 L. R. A.
334, 66 S. W. 153].) If the defendant reserved the stair-
way involved in this case for the use of other tenants in com-
mon with the plaintiff, thereby becoming bound to use
ordinary care to keep it in a safe condition, and if the clothes-
line was in place at the time he leased the three flats to
Mrs. Vir Den, then it became a question of fact whether
he should have contemplated that a tenant would probably
lean against the railing in drawing in clothes on the line.
On the other hand, if there was no such reservation, then
the defendant can be held liable only on proof of a hidden
defect of which he had knowledge and which the injured
tenant did not know. There is an entire absence of proof
tending to show that there was any such reservation. If
Mrs. Vir Den rented the two flats on the third floor from
the defendant, then he was under no obligation to keep the
stairway in a safe condition, even if she reserved the common
use of the stairway for both tenants on that floor. Such
a reservation would be hers and not that of the defendant.

The court instructed the jury that ''where a portion
of the premises is reserved by the landlord for use in
common by different tenants, a duty is imposed upon him
to use ordinary care to keep those particular portions of
the premises in a safe condition; and if he is negligent in
this regard, and a personal injury results to a tenant by
reason thereof, he is liable therefor''. The giving of this
instruction was prejudicially erroneous in that it implies,

contrary to the evidence, that there was proof of such reservation.

For like reasons it was error to instruct the jury that ''you are the sole judges of the fact as to whether the plaintiff and the defendant, or either of them, had notice of the circumstances sufficient to put a prudent man upon inquiry as to the defective condition of the stairway and guard rail, and whether by prosecuting such inquiry he should have learned of such fact''. This instruction implies that it was the duty of the defendant to keep the stairway in a safe condition and assumes that it was in a defective condition. It was a question of fact for the jury to determine whether the railing was in a safe condition for the uses for which it was intended.

Another instruction stated: ''If you find from the evidence that the defect or insufficiency of the railing of the stairway which caused it to give way was of such a nature that it could not, by the use of ordinary care, be ascertained or known by the plaintiff, but that it was known or should have been known by the defendant, then you must find that the defendant was guilty of negligence.'' This instruction not only assumes that the railing was defective, but, contrary to the decision in *Ayres* v. *Wright, supra,* states that the defendant was guilty of negligence if such defect ''should have been known'' to him. Since it does not appear that the defendant reserved any part of the stairway for the use of himself or other tenants, his relation to the plaintiff is the ordinary one of landlord and tenant, to which the rule of *caveat emptor* applies. (*Toner* v. *Meussdorffer, supra.*) That rule would be robbed of all its force if the landlord were to be held liable for hidden defects of which he had no knowledge but of which he could have learned by reasonable investigation.

In another instruction it is stated: ''If you find that the greater weight of all the evidence is in favor of the negligence of the defendant, . . . you should accept that as a proved fact in the case, while, if the evidence on that issue is . . . evenly balanced or preponderates against such negligence, it is not proven, and you should find that the defendant was not negligent.'' This instruction clearly implies that if the defendant was negligent the jury should find for the plaintiff. As stated, under the facts proved,

the question of the defendant's negligence is not a material issue. The question for the jury to determine, under such facts, was whether the defendant was guilty of concealment, whether he knew of the alleged defects and failed to disclose them.

Other grounds urged for a reversal of the judgment, which are not covered by what has been said herein, are sufficiently answered by the authorities cited in respondent's brief, and therefore they need not be discussed.

The judgment is reversed.