**MEEKS v. COWART et al.**

No. 9596.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1935.

Rehearing Denied July 17, 1935.

Eskridge, Groce, Rice & Easterling, Russell Talbott, and Walter Groce, all of San Antonio, for appellant.

Seabury, Taylor & Wagner, of Brownsville, Osce Fristoe, of Harlingen, Birkhead, Beckmann, Stanard & Vance, of San Antonio, and Carter & Stiernberg, of Harlingen, for appellees.

MURRAY, Justice.

This suit was instituted by M. A. Cowart and O. A. Cowart against Harlingen Hotel Company, Inc., and J. N. Meeks seeking to recover damages for personal injuries sustained by them when a fire escape on which they were standing fell to the ground.

The Harlingen Hotel Company, Inc., was the owner and operator of the Madison Hotel, located in the city of Harlingen, Tex. J. N. Meeks entered into a written contract with the Harlingen Hotel Company to make certain repairs and alterations upon the Madison Hotel, which consisted principally in the removal of the second and third stories of one wing of the hotel. Meeks entered into an agreement with Glenn Sorrell to remove all débris and rubbish from the premises. M. A. Cowart and O. A. Cowart were either employees of, or associates with, Sorrell in this undertaking of keeping the débris and rubbish removed from the hotel premises. Sorrell had agreed to keep this rubbish cleaned up and not to permit it to accumulate, as otherwise drainage pipes would become choked and water damage result.

The work of removing the second and third stories of this wing of the hotel had about been accomplished, including the fire escape attached to these two stories, when

the accident herein involved occurred. Sorrell and his associates, the two Cowarts, had kept the rubbish removed during the progress of the work to the satisfaction of all concerned. The rubbish was all delivered to them either on the ground or in their trucks. They had nothing to do with the throwing of the rubbish from the building, but their entire duty was to remove it from the premises after it had been thrown from the building.

On the occasion in question the two Cowarts had placed their truck near the building so that it might be loaded with rubbish, and desiring to know how much more rubbish would be thrown from the building that day, so as to determine whether they would have to make a return trip or possibly have to work after dark, they climbed to the top of the first story of this wing by using the remaining section of the fire escape. They found that there was not a great amount of rubbish and began to descend the fire escape when a part of the wall and the fire escape collapsed and fell to the ground, as a result of which the two Cowarts sustained personal injuries.

Originally the two Cowarts filed separate suits, but by agreement of all the parties the suits were consolidated and tried as one suit. The suit was tried at the February term, 1934, and resulted in an instructed verdict for the hotel company and findings on the part of the jury favorable to J. N. Meeks. The trial judge granted the Cowarts a new trial as to J. N. Meeks, but entered an interlocutory order in favor of the hotel company. At the April term, 1934, the cause was again tried and resulted in jury finding favorable to the Cowarts against J. N. Meeks. Based on these jury findings, the trial judge rendered judgment against J. N. Meeks in favor of M. A. Cowart in the sum of $16,409 and in favor of O. A. Cowart in the sum of $3,566. The interlocutory order in favor of the hotel company was made final.

J. N. Meeks has appealed from this judgment, naming the two Cowarts as appellees, and the two Cowarts have appealed from that part of the judgment favorable to the hotel company. Thus, the two Cowarts are appellees as to the appeal by Meeks and appellants as to the hotel company. The records of both trials have been filed herein and it is obvious that the appeal taken by Meeks is based upon the record on the second trial, while the appeal taken by the Cowarts is based upon the record made at the first trial; but as there is no material difference in the two records, no confusion should result from the fact that this is one appeal involving two records.

The controlling issue in this case is whether or not the Cowarts when they used the fire escape were invitees or mere licensees. The evidence clearly shows that the work of the Cowarts in hauling the rubbish and débris from the premises did not require their going upon the building. However, they contend that it was of mutual benefit to all parties concerned that this rubbish be kept cleaned up, and that, in order to enable them to accomplish this purpose, it was reasonably necessary that they go upon the building and determine how much more rubbish would be thrown from the building on this particular day. It is not shown that they could not have secured this information from the men working on the building, or that it was necessary for both of the Cowarts to go on the building to obtain this information. However, it is established that the Cowarts had been in the habit of using the fire escape for the purpose of securing this information, and that this fact was known both to the contractor, Meeks, and to representatives of the hotel company.

We conclude that the Cowarts were not invitees while using the fire escape on the occasion of their injury. Their work was on the ground, and their desire to know how much more rubbish would be thrown from the building was for their own convenience. It was simply their duty to remove such rubbish as was thrown from the building and their work did not require that they go upon the building. They could not have been more than licensees while using the fire escape. Hutchinson v. Cleveland-Cliffs Iron Co., 141 Mich. 346, 104 N. W. 698; Kennedy v. Chase, 119 Cal. 637, 52 P. 33, 63 Am. St. Rep. 153; Smith v. Trimble, 111 Ky. 861, 64 S. W. 915; Kucera v. Grigsby, 24 Ohio App. 457, 156 N. E. 249; Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 377, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111; Slough v. W. G. Ragley Lumber Co. (Tex. Civ. App.) 76 S. W. 779; City of Greenville v. Pitts, 102 Tex. 1, 3, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843.

The Cowarts, being at most licensees when they left their work upon the ground and went upon the fire escape, took the

premises as they found them, together with the attending dangers, and neither Meeks nor the hotel company owed them any other duty than to use ordinary care not to willfully injure them. Street Realty Co. v. Forrister (Tex. Civ. App.) 22 S.W.(2d) 746; Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611; Wimberly v. Gulf Production Co. (Tex. Civ. App.) 274 S. W. 986.

Other matters are presented by this appeal, such as alleged errors in the court's charge to the jury, but our holding herein renders a discussion of these matters unnecessary.

As the record in this case shows that neither Meeks nor the hotel company was guilty of violating any duty that they owed to the Cowarts, a recovery herein on the part of the Cowarts cannot be had. Accordingly, the judgment below will be affirmed in so far as it denies a recovery to the Cowarts against the Harlingen Hotel Company, and will be reversed in so far as it renders judgment against J. N. Meeks, and judgment will be here rendered that appellees, M. A. Cowart and O. A. Cowart, take nothing as against appellant, Meeks, and pay all costs.

Affirmed in part, reversed and rendered in part.