**BELLEVUE, Inc., v. HASLUP.**

**No. 8931.**

United States Court of Appeals
District of Columbia

Argued May 24, 1945.

Decided June 25, 1945.

Mr. Henry I. Quinn, of Washington, D. C., for appellant.

Mr. P. J. J. Nicolaides, of Washington, D. C., with whom Mr. William F. Kelly, of Washington, D.C., was on the brief, for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Plaintiff (appellee) sued defendant (appellant) to recover damages for injuries sustained when she fell in the hallway of an apartment hotel operated by defendant in the District of Columbia. Plaintiff had been a guest in the hotel for a number of years, and on September 16, 1943, in the afternoon, she went up on the elevator to the fifth floor, where her room was located, and as she walked toward her room, slipped on the floor and fell. At the conclusion of plaintiff's case, defendant moved for a directed verdict, on the ground that there was no proof of negligence on the part of defendant which was the proximate cause of plaintiff's injuries.

The record shows that plaintiff's testimony was that when she got off the elevator on her floor she saw two employees of the hotel standing at the end of the hall talking to each other, and that a mop and bucket were on the floor. She walked toward her room and when two or three doors away slipped on something on the floor and fell and was picked up and taken into her room.

The hotel physician, who lived on the third floor, testified that she was called and, when she got to plaintiff's floor, observed that the floor was wet. She declined to say that the wetness of the floor was due to waxing, but she had informed the Management prior thereto of the danger to the guests from the practice of leaving the wet wax to dry without warning signs.

Defendant's counsel evidently thought that the testimony of these two witnesses was enough to establish a prima facie case, for after his motion for a directed verdict had been overruled, he proceeded to offer testimony.

Defendant's witnesses testified that at the time of the injury the hallway, which is five feet, five inches wide, was being waxed, that the houseman who was doing the waxing cautioned the plaintiff and informed her that one side of the hall was dry and that she should use that and not the other side which was wet, but that while he was at work plaintiff crossed from the dry side to the wet side and fell.

Plaintiff in her rebuttal testimony denied that she had been warned by the houseman

or that she knew that the floor had recently been or was then being waxed. The result of this conflict was to make a case for the jury on the facts.

The undisputed evidence is that there were no signs or notices of any kind placed in the hall to warn persons using it and that there was nothing in the appearance of the hall itself to put plaintiff on guard that *waxing* was being done or that the floor was dangerous to walk on. At the end of all the evidence defendant again moved for a directed verdict, which was overruled, and the case went to the jury and there was a verdict and judgment for the plaintiff.

On this appeal the errors alleged are failure of the court to direct a verdict at the close of all the evidence and a denial by the court of defendant's motion for judgment, notwithstanding the verdict. The unquestioned rule of law in the circumstances we have here is that the landlord is liable for failure to use reasonable care to keep safe such parts of the premises as he may retain under his control, either for his own use or for the common use of the guests or tenants in the hotel. Equally, it is the duty of a tenant or guest to exercise ordinary care for his own safety. In the instant case the court instructed the jury that the first question for their decision was whether the defendant had exercised reasonable care in maintaining the hallway in a reasonably safe condition (with the cautionary statement that waxing a floor is not, without more, an act of negligence), and secondly, whether the evidence, considered in its relation to the actual occurrence, showed that plaintiff knew, or should have known, that the hallway was being waxed and hence was in a dangerous condition. The instruction presented the question squarely to the jury for its determination and the effect of the jury's verdict was to declare that the hall had been rendered dangerous by the waxing and that plaintiff neither knew nor was warned of the dangerous condition. The evidence as to these questions was conflicting, but there was certainly much more than a scintilla in favor of the plaintiff's contention that the place was dangerous and that she did not know the condition and that no warning was given. In such circumstances, she had a right to rely upon the discharge by defendant of its duty to keep the place in a reasonably safe condition. The judgment must be affirmed.

Affirmed.