**Guy W. PICKING and Ida M. Picking, Appellants,**

v.

**James CARBONARO, Appellee.**

Nos. 2872–2873.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 22, 1962.

Decided March 5, 1962.

Ida M. Picking, pro se, and as counsel for appellant Guy W. Picking.

B. Paul Noble, Washington, D. C., for appellee.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

A fire occurred in a furnished room of a rooming house operated by appellants and occupied by appellee. The roomer sued his landlords in the Municipal Court for property loss and personal injuries. Later the landlords filed suit in the United States District Court for the District of Columbia

for property damage sustained from the fire which they allege was caused by the roomer's negligence. That suit was certified to the Municipal Court and became a counterclaim in the suit brought by appellee. The two cases were submitted to a jury which returned a verdict of $100 for appellee and in his favor upon appellants' counterclaim. This appeal by the landlords followed.

 The relationship between the parties was that of roominghouse operator and roomer.[1] The roominghouse operator had the duty to keep the room in a reasonably safe condition and is only liable for failure to exercise reasonable care in its maintenance, including electrical appliances supplied for use by the roomer.[2] On the other hand, the roomer must use ordinary care for his own safety.[3]

The questions are (a) whether, upon all the evidence, the appellee was entitled to recover because the appellants were negligent in maintaining the electrical wiring and appliances in a reasonably safe condition and, if so, whether such negligence caused the fire in the tenant's room; or (b) whether the landlords, upon their counterclaim, are entitled to recover their property losses due to the tenant's negligence being the proximate cause of the fire.

The record does not establish that the fire was caused by any negligent acts or omissions of appellants or of appellee. Two expert witnesses from the Fire Department who inspected the scene of the fire were not able to state what caused it. The roomer claimed that the fire was caused by an improper or illegal appliance wire leading to the refrigerator, but there was no proof that the refrigerator in the room was attached to the house current at the time. Although it was testified that appellee had a habit of not emptying ashtrays in his room and in the past had scorched furniture by leaving lighted cigarettes thereon, there was no testimony that such careless acts took place on the date of the fire. Thus it is clear that there was no competent evidence on which either party was entitled to go to the jury.

The judgment upon the jury verdict for the appellee must be set aside and a judgment for appellants entered; and the judgment in favor of appellee upon appellants' counterclaim must be affirmed.

Reversed in part; affirmed in part.

1. Taylor v. Dean, D.C.Mun.App., 78 A.2d 382.

2. Berghman v. Dufresne, 58 App.D.C. 15, 24 F.2d 280.

3. Bellevue, Inc. v. Haslup, 80 U.S.App. D.C. 181, 150 F.2d 160.