[No. 20344.   In Bank. — January 25, 1888.]

## THE PEOPLE, RESPONDENT, *v.* YUT LING, APPELLANT.

CRIMINAL LAW — MURDER — VIEW OF LOCUS IN QUO — ABSENCE OF JUDGE. — In a prosecution for murder, the defendant has a right to have the judge accompany the jury during their view of the *locus in quo*, and his failure so to do will warrant a new trial.

ID. — SEPARATION OF JURY. — The fact that some of the jurors in making the view were occasionally out of sight of the others does not constitute a separation, if they were kept as much in a body as the nature of the premises viewed would permit.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The defendant was prosecuted for murder, was found guilty of murder in the first degree, and was sentenced to death. He appeals from the judgment of conviction, and from an order refusing a new trial. On the trial, after the evidence was concluded, the judge of the court, at the request of the counsel for the defendant, made an order that the jury view the *locus in quo.* In making the view, the jury kept in a body as much as the nature of the premises viewed would permit, and although some of them were occasionally in different parts of the premises, and out of sight of the defendant·and of each other, they were never out of hearing, and were never far distant from each other. The judge of the court did not accompany the jury on the view. The grounds upon which the new trial was asked were, that the view was had in the absence of the judge, and that the jury was guilty of misconduct while making the view. The further facts are stated in the opinion of the court.

*E. D. Edwards,* and *R. H. Ward,* for Appellant.

*Attorney-General Johnson,* for Respondent.

The COURT. — There was no misconduct of the jury in this case. It never separated.

When the jury went to view the premises, the judge of the court should have gone along with them. It was the right of defendant to have the judge accompany the jurors when they went to take this view. As the judge did not do this, the judgment and order denying a new trial must be reversed, and the cause remanded, that a new trial may be had.

Ordered accordingly.

PATERSON, J., and McFARLAND, J., dissented.