[L. A. No. 10859. In Bank.—March 28, 1931.]

FLORENCE WATWOOD, Respondent, v. E. D. FOSDICK, Appellant.

Wright & McKee and C. M. Monroe for Appellant.

W. K. Brown and O. C. Ludwig for Respondent.

LANGDON, J.—This is an action for damages for personal injuries. Defendant was the owner of a two-story building containing four flats, two on the first floor and two on the second. There was a single entrance for all tenants and an inside stairway used in common by all tenants. Plaintiff rented a lower floor flat on February 20, 1926. On April 27, 1926, she visited an acquaintance on the upper floor and in returning slipped on the stairs and fell to the bottom, sustaining various injuries.

The evidence tended to show that she had caught her foot in the worn rubber covering of one of the steps and had stumbled. There was no hand-rail on the stairway, and plaintiff had been aware of this fact from the beginning of her tenancy. The trial court nevertheless found that the accident would not have happened had there been a hand-rail, and concluded that the failure to install such a protection constituted negligence which proximately caused the injury. Judgment was therefore rendered for plaintiff, from which judgment the defendant landlord appealed.

It is clear that in the absence of some special statute the landlord cannot be held liable under the above facts. It is his duty to keep stairways or other parts of the building used in common by tenants *in repair*, but he is under no duty to remove structural defects which are visible and known to the tenant. The latter takes the premises as they are at the time of the commencement of the tenancy. (*Miller* v. *Hooper*, 119 Me. 527 [112 Atl. 256]; *Dwyer* v. *Woollard*, 205 App. Div. 546, 199 N. Y. Supp. 840; 16 R. C. L. 1040; 36 C. J. 215, sec. 893.) The case of *Hassell* v. *Denning*, 84 Cal. App. 479 [258 Pac. 426], relied upon by plaintiff, is not in conflict with these conclusions, for in that case there was a railing which had been permitted by the landlord to fall into disrepair, and its dangerous condition was unknown to the tenant.

At the time of the accident there were in existence a city ordinance and a state statute requiring buildings of this type to provide hand-rails for stairways. Both the ordinance and the statute were passed subsequent to the erection of this building, and in both it is expressly provided that they shall not be retroactive. However, the building was reconstructed by defendant upon his purchase of it in 1920, after the passage of the state statute; and by said reconstruction it was changed from a duplex dwelling to a house containing four flats or tenements. The statute (Stats. 1917, p. 1475, chap. 738) provides in section 5 thereof: "A building not erected for, or which is not used as a tenement house at the time of the passage of this act, if hereafter converted to or altered for such use, shall thereupon become subject to all of the provisions of this act affecting tenement houses hereafter erected." Section 45 provides: "Every tenement house hereafter erected shall have not less than two stairways . . . " Section 49 provides: "Every stairway hereafter constructed shall be as follows . . . Every stairway shall have at least one handrail, and if the stairway be five feet or more in width, shall have a handrail on each side thereof."

Whatever be the reason for the difference in these sections, the statute distinguishes between *tenement houses* hereafter constructed, and *stairways* hereafter constructed. The stairway involved herein was not newly constructed at the time the building was remodeled, but remained in its original state. It was not, therefore, within the terms of section 49. None of the other sections, however, contain any requirement of a hand-rail. The plain meaning of the statute appears to be that in new buildings, new stairways shall have hand-rails; in old buildings, only new stairways need have such hand-rails, whether or not the building is remodeled. In other words, in reconstructing the building, the owner came within other provisions of the act, but was not required to place hand-rails on a stairway already constructed.

In view of the above provisions of the statute, defendant was not guilty of a violation thereof, and no question of negligence *per se* arises. Hence is it unnecessary to consider the highly doubtful proposition that the absence of the hand-rail was the proximate cause of the injury. It appears that the trial court has placed a liability upon the landlord

beyond that established by our statutes and decisions. It follows that the judgment must be and is hereby reversed.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., Seawell, J., and Preston, J., concurred.