[Civ. No. 8359.   First Appellate District, Division Two.—June 2, 1932.]

J. W. STONE et al., Appellants, v. HEYMAN BROTHERS (a Corporation), Respondent.

Robert P. Cahen and J. Horton Beeman for Appellants.

Jacob Samuels, Oscar Samuels and A. Dal Thomson for Respondent.

NOURSE, P. J.—Plaintiffs sued for damages for personal injuries sustained by Mrs. Stone in falling through a skylight in a building which plaintiffs purchased from defendant. The appeal is from a judgment for defendant following an order sustaining a demurrer to the third amended complaint.

This complaint alleged that the building was constructed by defendant and sold to plaintiffs on May 2, 1929, for residential purposes; that the skylight was constructed of clear glass one-eighth of an inch thick and did not comply with the requirements of the municipal building ordinance; that this defect was unknown to plaintiffs and was not discoverable by the use of reasonable care; that defendant represented to plaintiffs that the building was free from defects; and that, on August 20, 1930, plaintiff Elin M. Stone, "placed a portion of her weight lightly on said skylight" and was precipitated through the skylight, sustaining bodily injuries for which damages were asked.

The plaintiffs predicate their cause of action upon the theory that the construction of the skylight in violation of the terms of the ordinance was negligence *per se* and that the defendant is liable under the rule of *Lewis v. Terry*, 111 Cal. 39, 44 [52 Am. St. Rep. 146, 31 L. R. A. 220, 43 Pac. 398, 399]. That case involved the sale of a folding bed. In holding that the purchaser had an action in tort for injuries arising from a latent defect in the bed, the Supreme Court say: "But when the seller . . . represents the article to be safe for the uses it was designed to serve, when he knows it to be dangerous because of concealed defects, he commits a wrong independent of his contract, and brings himself within the operation of a principle of the law of torts." The Lewis case and the authorities therein cited related to the sale of personal property containing latent defects. None of the cases involved the sale of real property where, as here, the alleged defect was open to view and might have been discovered. (The ordinance required the skylight to be inclosed by a substantial railing at least three feet high, or protected by a wire screen kept at least four inches above the glass, or glazed with wire glass not less than one-quarter inch thick. It is needless to say that the omission of any one of these requirements would

be readily discernible especially after a full year's occupancy of the premises.)

The rule applicable to the vendor of realty is stated in *Upp* v. *Darner,* 150 Iowa, 403 [Ann. Cas. 1912D, 574, 32 L. R. A'. (N. S.) 743, 130 N. W. 409, 410], as follows: "After the owner of such premises has disposed of them he is no longer liable for what may happen thereon for the reason that he is in no position to control the use thereof." In accord are *Smith* v. *Tucker,* 151 Tenn. 347 [270 S. W. 66]; 41 A. L. R. 830, 842, and note; *Palmore* v. *Morris,* 182 Pa. 82 [61 Am. St. Rep. 693, 37 Atl. 995]; *Slavitz* v. *Morris Park Estates,* 98 Misc. Rep. 314 [162 N. Y. Supp. 888]. We had occasion to follow the same principle in *Denman* v. *City of Pasadena,* 101 Cal. App. 769, 773, 778 [282 Pac. 820], where we held that the members of the Tournament of Roses Association were not liable for injuries sustained by a guest through the collapse of a grandstand maintained on private property over which the association had no supervision or control. The appellants have cited no authority supporting a claim of the character here in suit and we have found none.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1932.