[Civ. No. 8515. First Appellate District, Division Two.—February 11, 1933.]

MYRTLE BERNHARDY, Appellant, v. MARIAN REALTY COMPANY, LTD. (a Corporation), Respondent.

580

Ford & Johnson for Appellant.

Hadsell, Sweet & Ingalls for Respondent.

STURTEVANT, J.—To the plaintiff's second amended complaint the demurrer of the defendants was sustained. The plaintiff failed to amend and a judgment was entered against her, from which she has appealed and has brought up a transcript containing the judgment-roll.

She contends that the demurrer should not have been sustained. The defendants replied that the demurrer was properly sustained on at least two grounds. In the demurrer it was alleged that the second amended complaint failed to state a cause of action; and by appropriate averments the demurrer alleged that the second amended complaint was uncertain, ambiguous and unintelligible because it could not be ascertained therefrom how or in what manner the defendants retained sole control and management of the apartment and of furnishings therein if the apartment were rented to the plaintiff, nor could it be ascertained therefrom how or in what manner the alleged defect or unsafe condition was concealed from the plaintiff. In the first paragraph the corporate capacity of the defendants was alleged. In the third paragraph it was alleged as follows:

"That on the 8th day of January, 1930, and for some time prior thereto, defendants herein and each of them owned, operated and controlled a certain building located at and known and designated as 501 Taylor Street in the City and County of San Francisco, which said building contained several furnished dwelling apartments, which said defendants herein rented and leased to the public; that on or about the 1st day of January, 1930, plaintiff herein entered into an oral agreement with defendants herein, and each of them, whereby she rented and leased a furnished apartment, known and designated as Apartment 210, as a monthly tenant; that at all said times herein mentioned said Apartment 210, together with its furnishings, was under the sole control and management of defendants herein, and each of them; that at all of the times herein mentioned said defendants herein, and each of them, represented to this plaintiff that said premises and appurtenances thereto were in the state of good repair and condition and free from any defect, and that the

rugs therein were equipped and maintained in a manner to prevent the same from slipping on the polished floor, whereas in truth and in fact during all of the time herein mentioned, and for some time prior thereto said premises were in a defective and unsafe condition, all of which at said times was known to the defendants, and each of them, and concealed by them from the plaintiff; that relying upon said representations plaintiff herein entered into the tenancy and occupation of said premises as aforesaid.

"That on the 8th day of January, 1930, during the term of said tenancy while plaintiff herein was walking over and along a certain carpet and/or rug which was part of the furnishings provided by these defendants, and each of them, and which was located on the highly polished floor in the entrance hall of said Apartment 210, said rug slipped and/or slid over and along said floor, thereby causing this plaintiff to fall upon said floor; that the direct proximate cause of the slipping and/or sliding of said rug was the carelessness and negligence of defendants herein, and each of them, in the management and control of said apartment and its furnishings, in that said defendants carelessly and negligently failed and neglected to equip and maintain said rug in such a manner as to prevent its slipping and sliding upon said highly polished floor; . . . "

It is not alleged that in the ordinary care and management of apartment houses rugs are equipped or maintained in such a manner as to prevent them slipping and/or sliding upon highly polished floors; nor is there any allegation that it is customary and usual to so equip such rugs. No other attack is made showing or tending to show that apartment 210 was not in good repair and condition, nor that any other alleged defect existed therein. In no place is it alleged that if the rugs were not so equipped the plaintiff did not know the fact. While there is an attempt to allege that the defendants concealed the fact that the rugs were not equipped and maintained in a manner to prevent them from slipping, no fact or facts are stated showing how or in what manner the defendants concealed the fact. (12 R. C. L. 306; *Bell* v. *Ellis*, 33 Cal. 620, 630.) There is no allegation that the plaintiff made an ordinary examination of the apartment or of its furnishings although she was bound to do so. (12 Cal. Jur. 756; *Toner* v. *Meussdorffer*, 123 Cal. 462, 465 [56 Pac. 39].)

 The plaintiff relies on *Daley* v. *Quick*, 99 Cal. 179 [33 Pac. 859]. She quotes from pages 182 and 183: "A lessor of such property would be liable for injuries resulting from *defects* in the premises *known to him* and *unknown to the lessee* because arising from some cause *not extraneous*, if he allowed the lessee to occupy the premises in ignorance of the risks." The defendants do not question the soundness of the doctrine so stated which has become a part of the jurisprudence of this state. (15 Cal. Jur. 705.) But, applying the rule to the pleading before us, it will be noted that the complaint does not allege a defect; it does not allege that the plaintiff did not know the conditions; and it does not allege any facts showing that the make-up of the rugs was "not extraneous".

It follows that the demurrer was properly sustained. The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1933.