[Civ. No. 9023. Second Appellate District, Division Two.—March 28, 1935.]

C. E. McSTAY et al., Respondents, v. CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a National Banking Association), Appellant.

Lon A. Brooks for Appellant.

Walter F. Keen and Holbrook, Taylor, Tarr & Reed for Respondents.

WILLIS, J., *pro tem.*—This is an appeal from a judgment for damages after verdict by a jury in an action for personal injuries.

Appellant, at the time of the injuries complained of, was operating the Roosevelt Hotel in Hollywood. Opening from the main lobby was an entrance to what was called the "Blossom Room", comprising a foyer, with check counters for wraps and a lounge, and a dining room, used on Tuesdays and Thursdays at noon for service club lunches and each night for dining and dancing. There were double metal grill and glass panel doors at the foyer entrance, and the entrance from the foyer to the dining room was through an arch, between the lateral columns of which a platform, twenty-one inches high, eight feet long and five feet eight inches wide, was located. The approach to the top of the platform consisted of two steps, each with seven-inch risers and fifteen-inch treads. In the risers were set glass panels at intervals, with electric light fixtures behind to throw light on the steps. The steps and platform were covered with a blue-black carpet. There was provision for brilliant lighting of the dining room and foyer and platform, as and when required or desired. The main dining room of the hotel was located at the far end of the lobby.

On Monday, February 29, 1932, respondent Mrs. McStay entered the hotel lobby with two lady friends for the purpose of securing lunch in the Blossom Room. Proceeding to the entrance to that room, respondent found one of the double doors half open, and with her friends entered the

foyer. The foyer was unlighted and in darkness, except for light coming through the open door and through the arch from a chandelier in the dining room, in which some lights were burning. From the record it is impossible to ascertain the amount or extent of such light. Remarking to her friends that "they are not serving here", she conducted them up the steps to the platform above described and pointed out to them the place where Hollywood's young people and "movie stars" dine and dance. After standing there a few minutes respondent turned to descend from the platform, and taking one step, which she thought was her next step on the platform, she "just stepped off". She felt her foot touch something before she fell "in a heap" to the floor. She testified that it was her intention when leaving the platform to inquire at the clerk's desk where lunch was being served, so that she and her friends could have their lunch. Through an architect and a safety engineer, called as witnesses, respondent produced evidence to the effect that the steps and platform were not safe or properly constructed because there were no handrails thereon, and also because they were not necessary in the place where they were located. Other than that, both testified that they were well and properly constructed.

A motion for nonsuit on the grounds that no negligence of appellant was shown and that contributory negligence of respondent Mrs. McStay was shown by the evidence was denied, and such ruling is assigned as error.

Whether appellant failed in its duty towards Mrs. McStay so as to amount to negligence for the results of which it would be responsible depends on their relationship at the time of injury. That respondent entered the lobby of the hotel as an invitee is not questioned. The vital question is: What was the scope of the invitation extended by appellant to Mrs. McStay to visit and occupy its premises on this occasion? For within the scope of that invitation the appellant was obliged to exercise ordinary care for her safety, which included the duty to maintain the premises to which she was expressly or impliedly invited in a reasonably safe condition. But if it is made to appear that the occupation or use of the portion of the premises in which the respondent was injured could not under any rational view be within the scope of the invitation, she would become a

mere licensee to whom appellant owed no duty except to abstain from wilful or wanton injury. (*Powers* v. *Raymond*, 197 Cal. 126 [239 Pac. 1069].)

Viewing the evidence in a light most favorable to respondents, as the rule requires when considering a motion for nonsuit, we cannot, as a conclusion of law therefrom, say that the relationship of invitee which attached to Mrs. McStay when she entered appellant's hotel was changed to that of licensee by reason of the facts and circumstances intervening after she entered the lobby entrance to the foyer. Her purpose to procure lunch remained steadfast, and from the excursion to the platform it may reasonably be inferred that she still thought lunch was being served in the Blossom Room. The invitation to use the premises of another is inferred when there is a common interest or mutual advantage. A license is inferred when the object is the mere pleasure or benefit of the person using them. Under the evidence the court or jury might well infer that throughout this entire episode there remained in respondent's mind the original purpose of patronizing the hotel, and that her visit to the Blossom Room platform was in pursuit of that purpose and not for mere pleasure or personal benefit.

On the question of contributory negligence of respondent Mrs. McStay, the evidence of her information, acts and conduct leading up to and surrounding her injury is of such nature as peculiarly calls for the determination thereof by triers of facts. It cannot be concluded therefrom that as a matter of law respondent was guilty of contributory negligence. Where different conclusions may be reasonably drawn by different minds from the same evidence, the decision must be left to the jury. And herein it is clear that whether or not the information possessed by Mrs. McStay was sufficient to impress upon her mind the danger incident to the use of the platform and steps in question was for the jury to decide as an issue of fact. (*Meindersee* v. *Meyers*, 188 Cal. 498 [205 Pac. 1078]; *Haywood* v. *Downer*, 65 Cal. App. 450 [224 Pac. 265].) Even forgetfulness of a known danger will not always operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. (*Roseberry* v. *Edward F. Niehaus & Co.*, 166 Cal. 481 [137 Pac. 232]; *Rosella* v. *Speros Paxinos*, 110

Cal. App. 299 [294 Pac. 39].) And it has been repeatedly held that mere abstraction on the part of the injured person does not constitute contributory negligence as a matter of law. (*Hodge* v. *Weinstock, Lubin & Co.*, 108 Cal. App. 393 [293 Pac. 80].) The question of contributory negligence was, therefore, properly submitted to the jury.

Appellant complains of the trial court's ruling admitting testimony of two experts in respect to the construction and safety of the steps and platform. The witness Winslow, an architect, testified over objection that the steps were not scientifically constructed for two reasons, first, that they were unnecessary at the place where constructed and used, and second, that they had no guard or handrails for people to hold on to. The witness Lefferts, a safety engineer, was permitted over objection to answer the question whether or not the steps as he saw them were safe or unsafe. His answer was that in his opinion they were not adequately safeguarded for users by reason of absence of handrails. ■ Usually an expert cannot be asked whether a structure is a safe one, but all the facts may be elicited from the witness from which the conclusion follows. (*Bowen* v. *Sierra Lumber Co.*, 3 Cal. App. 312 [84 Pac. 1010].) The opinion of a witness may be given on a question of science, art or trade, when he is skilled therein. (Sec. 1870, subd. 9, Code Civ. Proc.) ■ Where conclusions to be drawn from facts stated, as well as knowledge of the facts themselves, depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence, not only the facts but the conclusions to which they lead may be testified to by qualified experts. (*Long* v. *John Breuner Co.*, 36 Cal. App. 630 [172 Pac. 1132].) ■ The scientific or customary construction of the steps or stairways in hotel buildings was not a matter within common knowledge, and conceding that the testimony given was in the strictest sense opinion testimony, nevertheless we are of the belief that it was proper to an enlightened consideration and determination of the questions whether appellant was negligent in the maintenance of the steps and platform where respondent was injured, and if so, whether such negligence was the proximate cause of her injuries. (*Long* v. *John Breuner Co., supra.*) In view of the answer of the witness Lefferts, considered in connection with the other proofs in the case,

we deem the error in overruling the objection to the question harmless. We find no error in the rulings affecting the testimony of the witness Winslow.

■ There was no error in sustaining objections to the question and tender of proof respecting the construction and use of steps similar to those described in this case in three other hotels in Los Angeles. Such limited comparison would not suffice to constitute a custom in trade or building construction so as to exonerate one from a charge of negligence in a given case of this peculiar character.

Several instructions given at the request of respondents are questioned by appellant. The instruction numbered 20 in appellant's "Group I" is harmless in view of the decision herein that respondent Mrs. McStay was an invitee when she entered the foyer. ■ Number 16 fairly states the law respecting the duty of appellant to maintain the premises is a reasonably safe condition, and it properly submitted to the jury the question whether the exercise of ordinary care in such maintenance required or included the maintenance of handrails on the steps. We find no error in this instruction which could prejudice appellant's rights.

■ Instruction number 17 informed the jury of the provisions in the State Housing Act respecting the construction and maintenance of handrails on stairways of certain dimensions, and that if the jury found that the steps involved in the case constituted a stairway, the failure of appellant to maintain handrails as required by law was negligence as a matter of law. This instruction by itself is not improper, but in a later instruction, numbered 23, given at respondents' request, the court defined the word "stairway" as a series of steps ascending or descending to a different level. Appellant contends that this was in effect telling the jury that the steps involved herein constituted a stairway as affected by the State Housing Act. We do not so view it. At the most it was only informing the jury as to what it already knew in common with all others, and the court having left to the jury the question whether these steps did constitute a stairway, the dictionary definition of the word "stairway" would not be likely to mislead. While all stairways are series of steps ascending or descending to a different level, all steps so ascending or descending are not necessarily stairways. ■ Nor may prejudicial error in

instruction number 17 be predicated on failure of proof that the hotel in question was built after the effective date of the State Housing Act, which was not retroactive in application to existing buildings. We may not on appeal presume error; it must be made manifest by those asserting it.

We have examined instructions numbered 5, 6, 15, 18 and 19, comprising appellant's "Group II", relating to the subjects of negligence, which are claimed to be erroneous, and find no prejudicial error therein. Read in connection with other related instructions, they fairly and correctly state the law pertinent to the issues involved.

Appellant's "Group III" comprises a number of instructions dealing chiefly with the subject of contributory negligence. While subject to criticism for repetition and emphasis of isolated elements going to constitute a full definition of contributory negligence, and the burden and source of evidence establishing the same, they do not constitute prejudicial error when read in connection with other general instructions correctly embracing the subject.

We have examined the instructions offered by appellant and refused by the court. It is immaterial what ground the court may have assigned for refusing to give an instruction if it was justified in so doing by any sufficient reason. Those refused cover subjects fairly covered by other instructions given; and having read the instructions in their entirety, we are satisfied that no prejudicial error occurred in the giving or refusing of the instructions pointed out. In view of the decision of this court of the points and questions herein, it follows that there was no abuse of discretion in denying the motion for new trial.

The judgment is affirmed.

Crail, J., concurred.

Stephens, P. J., deeming himself disqualified, did not join in the opinion nor in the decision.