[Civ. No. 12777. First Dist., Div. Two. July 13, 1945.]

BERTHA ZAVALNEY, Appellant, v. ALEXANDER DONOVAN et al., Respondents.

Vincent W. Hallinan and James Martin MacInnis for Appellant.

Charles V. Barfield for Respondents.

NOURSE, P. J.—In February, 1941, plaintiff and her two sisters rented a furnished apartment on a monthly basis from defendants. On moving in plaintiff noticed a crack in the porcelain handle of the hot water faucet of the bathtub. In January, 1942, plaintiff suffered a cut in her hand when the handle splintered as she attempted to shut off the water. She has framed her complaint in two causes of action—one based upon alleged negligent repairs by defendants, the other based upon the defendants' alleged knowledge of the defective condition of the faucet handle at the time of renting and their fraudulent concealment of that fact from the plaintiff. No evidence was offered in support of the first cause of action and plaintiff's testimony required an abandonment of that issue. At the close of plaintiff's case defendants' motion for a nonsuit was granted and the appeal is from the judgment following:

A brief statement of the facts is sufficient. At the outset of her tenancy plaintiff noticed that the handle of the hot water faucet was cracked and continued to use it for eleven months without complaint. There is no evidence that either defendant had knowledge of that condition at the time the premises were let. There is testimony given by the plain-

tiff that, at the time her injury, Mr. Donovan told her that "it was one of those old cracked faucet handles that he had intended to replace." Whether he implied knowledge of the condition of this particular handle from the fact of the injury or from previous observation or information does not appear. There is no evidence that either defendant made or attempted to make any repairs to the handle or in or about the bathroom. The evidence is that the handle was constructed of white porcelain, that the crack had turned brown, or a dark color, and was plainly visible to any one using the bathtub; that plaintiff and her sisters used the tub daily, and plaintiff saw that the handle was cracked, whereas there was no evidence that either defendant inspected the bathroom at anytime during the eleven months tenancy, or had been informed of any defect, other than that the faucet leaked. Appellant labors the point that the respondents admitted frankly and honestly that they knew that a broken handle was a source of danger, whereas she was led to testify that she had no knowledge of the danger—a matter of common knowledge like the knowledge that cracked and broken glassware may cut or injure a hand under pressure.

On these facts the settled rules relating to landlord and tenant demand a holding that the respondents were not liable for the injuries of the appellant, and the order of nonsuit was properly entered. In *Kearns* v. *Smith,* 55 Cal.App.2d 532, 534 [131 P.2d 36], this court, in a similar case, held: "It is settled law that a landlord is not liable to his tenant for injuries from open and obvious defects in the premises let.

" 'In the absence of special warranty or agreement, the tenant in taking the leased premises assumes all risks arising from damages which are obvious to ordinary observation.' (15 Cal.Jur. 705; *Bernhardy* v. *Marian Realty Co., Ltd.,* 129 Cal.App. 579 [19 P.2d 7]; *Nelson* v. *Myers,* 94 Cal.App. 66, 75 [270 P. 719].) 'If the defects or dangers are such as would be apparent to the lessee on a reasonably careful inspection there is no obligation upon the lessor to notify him of their existence.' (3 Cooley on Torts, 4th ed., 216; 36 C.J. 205; 32 Am.Jur. 516)."

In the same case the court quoted from Underhill on Landlord and Tenant, vol. 2 (p. 788) the following statement, which had theretofore been approved in *Hassell* v. *Denning,* 84 Cal. App. 479, 481, 482 [258 P. 426]:

" 'As to all patent defects which may be discovered by an

examination of the premises the rule of *caveat emptor* applies. The tenant will be charged with constructive notice or knowledge of patent defects which exist in that portion of the premises leased to and actually occupied or used by him. As to concealed defects attended with personal danger to the tenant and which no examination upon his part would reveal, the rule is otherwise. The landlord is bound to disclose concealed defects if their existence is known to him at the date of the letting provided they are such as the incoming tenant would not discover by a reasonable inspection in order that the latter may guard against them.' "

In harmony with the foregoing are *Dorswitt* v. *Wilson*, 51 Cal.App.2d 623 [125 P.2d 626]; *Shotwell* v. *Bloom*, 60 Cal. App.2d 303 [140 P.2d 728]; *Ayres* v. *Wright*, 103 Cal.App. 610 [284 P. 1077]; *Ellis* v. *McNeese*, 109 Cal.App. 667 [293 P. 854]; *Watwood* v. *Fosdick*, 212 Cal. 84 [297 P. 881]; *Chapman* v. *Title Ins. & Trust Co.*, 68 Cal.App.2d 745 [158 P.2d 42]; *Stone* v. *Heyman Bros.*, 124 Cal.App. 46 [12 P.2d 126]; 32 American Jurisprudence 538-541; 15 California Jurisprudence, page 705; Restatement, Torts, volume II, sections 352, 353.

The ambit of liability in cases of this type is thus stated in *Dorswitt* v. *Wilson* (*supra*, p. 624): "It is not the dangerous condition which renders the landlord liable but its concealment, and the concealment is no longer a factor in the injury to the tenant once the dangerous condition is discovered by him."

The appellant now argues for the first time that respondents were innkeepers and that she was a guest or lodger. *Goldstein* v. *Healy*, 187 Cal. 206 [201 P. 462], and *Adams* v. *Dow Hotel*, 25 Cal.App.2d 51 [76 P.2d 210], are cited in support of the argument that an innkeeper owes a greater duty in the maintenance of his premises for the protection of his guests. The record does not support that kind of a case. At the outset appellant stressed the relation of landlord and tenant. She is reported to have said, in a statement made to an insurance adjuster, that she rented the premises "furnished, lights and gas extra, at rent of $32.50 per month. We take care of our own housework and do very little cooking in the apartment." In addition to the furniture respondents supplied linen, and some janitor service, and delivered the mail. There was nothing in these arrangements which would create

the relation of innkeeper and guest as a matter of law in face of the positive testimony of the appellant showing that the parties intended the relation of landlord and tenant.

The judgment is affirmed.

Sturtevant, J., and Dooling, J. pro tem., concurred.