[Civ. No. 3980. Fourth Dist. Aug. 17, 1950.]

ARTHUR C. JEWELL et al., Respondents, v. THE NEW
HOTEL U. S. GRANT et al., Appellants.

James C. Henderson, Sidney A. Moss and Henry F. Walker
for Appellants.

Bodkin, Breslin & Luddy, S. V. O. Prichard and John
Coker for Respondents.

BARNARD, P. J.—The plaintiffs were guests at the U. S.
Grant Hotel in San Diego. A banquet room, some rest rooms,
and a bar in the basement were reached by a stairway from the
lobby. This stairway had a handrail on each side which
stopped two steps from the bottom. A covered chain was kept
across the entrance "when the management did not want
people to go down." At the time here involved the bar was
not open and the full lights were not on, but the chain was
not in place.

About 1 o'clock p.m. on January 31, 1947, Mrs. Jewell in-
quired for a rest room and was directed down this stairway by
an employee of the hotel. She fell just before reaching the
bottom and was injured. In this action for damages, the
complaint alleged that this stairway was carelessly maintained

in that the handrail did not extend all the way but stopped two steps from the bottom; and that the area around the foot of the stairway was so dimly lighted that the precise situation could not be discerned by a person passing from the stronger light above into this dimmer area. The answer denied these allegations and alleged contributory negligence. There was ample evidence supporting the allegations of the complaint. Mrs. Jewell testified that she passed down the stairway hanging on to one rail; that "it was dark there and it seemed like the carpets and everything all ran together"; that "where the banister stopped" she thought she was on the last step; and that believing she had reached the bottom she stepped out and fell. A jury returned a verdict for the plaintiffs, and the owners of the hotel have appealed from the judgment.

The only point here raised is that one instruction was prejudicial. It reads: "Every stairway shall have at least one handrail and if a stairway is five feet or more in width it shall have one handrail on each side." It is argued that no statutory provision requiring handrails existed when this building was erected; that while such a provision was later adopted and subsequently became section 16413 of the Health and Safety Code, it was not retroactive and was not applicable; that the court thus told the jury, as a matter of law, that the defendants were required to have "certain handrails"; and that this was prejudicial since the issue as to the manner in which the handrail was "maintained" was a question of fact.

Assuming that this instruction should not have been given, we are unable to see how it could have been prejudicial. There is nothing in the statutory provision, whether applicable or not, as to the length or extent of such a handrail. There is nothing about this in the instruction, and it did not tell the jury, as a matter of law or otherwise, that the defendants were required to have any "certain handrails." This handrail was admittedly there, whether required or not, and the action was brought and tried entirely on the question as to whether or not there was negligence in permitting certain conditions at the bottom of the stairway to exist at the time, and whether Mrs. Jewell had acted properly in view of the existing conditions. The defendants having furnished this handrail, whether or not it was required by law is immaterial and could have no effect either way on the issues involved.

There being no dispute as to the existence of the handrail the only question for the jury was as to whether the accident

happened through the fault of Mrs. Jewell or was caused by the defendants' negligence in permitting an improper and dangerous condition to exist. The instruction complained of had nothing to do with this question, in no way confused the issue or misled the jury, and could have had no effect, prejudicial or otherwise, on the verdict.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.