[Civ. No. 18619. Second Dist., Div Two. Dec. 7, 1951.]

MINNIE A. POWELL, Appellant, v. MORGAN A. STIVERS et al., Respondents.

Cameron & Perkins for Appellant.

Ball, Hunt & Hart and Clarence S. Hunt for Respondents.

MOORE, P. J.—Plaintiff appeals from the judgment of dismissal entered after respondents' motion for a nonsuit had been granted in an action to recover damages for personal injuries.

 Respondents are owners of a building in the city of Long Beach known as the Masonic Temple. Appellant is a member of an unincorporated social group known as Palos Verdes Court No. 69 of the Order of Amaranth. For over 10 years this group has leased and occupied a large, furnished, third floor room in the temple for the purpose of holding fortnightly meetings. At the south end of the room is a raised platform on one corner of which is situated, among other objects, a piano, bench, chair and floor lamp. Between the piano and the south wall is a 2-foot space across which extends a cord from an electric outlet in the south wall to a lamp standing next to the piano keyboard. Inasmuch as the cord was much longer than was necessary to reach the lamp, a surplus of several yards thereof was loosely wadded together and lay on the floor near the piano and partially extended into the 2-foot passageway.

On the night of April 3, 1950, appellant was in attendance at a meeting of the Order of Amaranth in its room in the temple. While engaged in placing flowers on the piano and while traversing the space between piano and wall, appellant tripped over the loose cord, fell and received extensive injuries.

The parties are in agreement that the relationship existing between respondents, as owners and managers of the temple, and appellant, as a member of the Order of Amaranth hiring the meeting room, is that of landlord and tenant in common. (*DeMotte* v. *Arkell,* 77 Cal.App. 610 [247 P. 254].) Also, they are in accord as to the statement of the universal principle that a landlord is generally exempt from liability for injury to a tenant caused by defects in the leased premises unless the landlord fails to disclose concealed defects in the premises, or a hidden danger thereon, known to the lessor at the time of making the lease and which is not apparent to the lessee. (*Shotwell* v. *Bloom,* 60 Cal.App.2d 303 [140 P.2d 728].) But the lessor can be held responsible only in the event the dangerous condition of the premises would not be discoverable by a reasonable inspection. (*Hassell* v. *Denning,* 84 Cal.App. 479, 481 [258 P. 426]; *Zavalney* v. *Donovan,* 70 Cal.App.2d 182, 184 [160 P.2d 558].) If the defect or danger would be apparent to the lessee on a

reasonably careful inspection there is no duty upon the lessor to notify his tenant of the condition. ■ Such tenant assumes all risks arising from defects obvious to ordinary observation. (*Zavalney* v. *Donovan, supra*; *Kearns* v. *Smith*, 55 Cal.App.2d 532, 534 [131 P.2d 36].)

■ Viewing appellant's evidence in the light most favorable to her, it is clear that she cannot recover. Her testimony and that of other witnesses established without conflict the presence of the coils of cord lying in the passageway, and also that such condition was patent, an open and obvious danger which a reasonable inspection could not fail to reveal.

Moreover, not only did appellant's evidence demonstrate the peril to be patent and dangerous, but the complaint itself declared the fact for it affirmatively alleges that defendants had "allowed a surplus quantity of electric cord . . . to be lying loose in folds upon the carpeted floor, near the piano . . ."

Respondent's motion was properly granted.

Judgment affirmed.

McComb, J., concurred.

A petition for a rehearing was denied December 21, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1952. Carter, J., voted for a hearing.