[Civ. No. 15127. First Dist., Div. One. June 9, 1952.]

EMMA RAU, Respondent, v. REDWOOD CITY WOMAN'S CLUB (a Corporation), Appellant.

F. E. Hoffman and Ropers & Majeski for Appellant.

Albert E. Deasy and J. Emmet Chapman for Respondent.

BRAY, J.—The jury awarded plaintiff $11,000 for personal injuries. A new trial was denied upon condition that plaintiff consent to a reduction of the amount to $9,000. Plaintiff consented. Defendant appeals from the judgment.

## QUESTIONS PRESENTED

1. Primarily, the rule of liability to the public of a lessor of a semipublic place. This includes alleged error in giving and refusing instructions.

2. Was plaintiff guilty of contributory negligence as a matter of law?

3. Alleged erroneous rulings, particularly the admission of a portion of a city ordinance.

4. The effect of the judge's permitting the jury to view the premises in his absence.

## FACTS

Mrs. Jaski, a piano teacher, rented an auditorium from defendant for the purpose of having her pupils give a recital. She invited plaintiff, a violin teacher, to participate. The day before the recital plaintiff and others came to the auditorium to rehearse. There was only one stairway to the stage. It consisted of five or six steps. As plaintiff started up the stairs her foot slipped forward. She noticed that the stairs, apparently of hardwood, appeared worn and shiny, almost as though they had been waxed. She had no further difficulty going up. After the rehearsal, descending the stairs she noticed that each step was slippery and there was not any banister to hold on to, so she stayed near the wall, touching it with her fingertips. Going up the stairs the next evening she noticed that the steps were very slippery. After the recital, she was preceded down the stairs by one person and followed by another. Plaintiff did not mention the slippery condition to anyone. She was carrying her violin, her music, the violin bow, and had gathered up her formal dress, all in her right hand. As she started down the stairs she was looking where she was going, but slipped, falling on her buttocks, sliding to the foot of the stairs, and was injured. A witness stated that plaintiff was at the top of the stairs and suddenly her foot "went right out from under her and down she went." Three witnesses other than plaintiff testified that the stairs were "worn" and two others than plaintiff that they were "slippery." There was evidence that they were neither worn nor slippery. The building was constructed about 1911 or 1912 and the stairs were in substantially the same condition as when built. The stairs were 33½ inches wide. On one side they were against the wall and without railings. The risers were about 6¼ inches and the treads about 9¾ inches. There was testimony that

others had fallen on these stairs and testimony that no one had ever slipped before.

### 1. DUTY OF LESSOR

Defendant's theory of the case was that a lessor is not liable to the general public or an invitee of the tenant for obvious defects, and if the defects or dangers are such as would be apparent to a person on a reasonable inspection, such person if injured cannot recover. Defendant offered instructions to that effect, which the court refused. The authorities cited by defendant in support of this contention do not do so. They are *Powell* v. *Stivers,* 108 Cal.App.2d 72 [238 P.2d 34]; *Kearns* v. *Smith,* 55 Cal.App.2d 532 [131 P.2d 36]; *Zavalney* v. *Donovan,* 70 Cal.App.2d 182 [160 P.2d 558]. The cases all deal with the rule of liability between landlord and tenant.

 The court instructed the jury that the lessor of a building to be used for public or semipublic purposes is condition known, or which should have been known, to the liable to a third person for injuries due to a dangerous lessor; that the latter is bound to use reasonable care to see that such building is properly constructed and is maintained in a fit condition for the purpose for which it is used, and that the lessor must keep stairways and general premises, which the invitee is expressly or impliedly invited to use, in reasonably safe condition. This brings us to the question of what the defendant's duty towards plaintiff was. In *King* v. *New Masonic Temple Assn.,* 51 Cal.App.2d 512 [125 P.2d 559], the court stated the rule (p. 515): "Where property is leased for a public or semipublic purpose and at the time is not safe for the purpose for which it is leased or there is a dangerous condition on the premises known to the lessor or which by the exercise of reasonable diligence he should have known existed, the lessor is liable to a third person for damages resulting from the condition of the leased property." There the defect or danger was a difference in the height of a certain step from the other steps in such a position that that difference was not readily noticeable. The rule is stated a little differently in *Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 380 [240 P.2d 580]: "A lessor who leases property for a purpose involving the admission of the public is under a duty to see that it is safe for the purposes intended and to exercise reasonable care to inspect and repair the property before possession is transferred so as to prevent

any unreasonable risk of harm to the public who may enter.'' In that case the plaintiff, at night, fell into an open grease pit. The same rule was applied in *Burroughs* v. *Ben's Auto Park, Inc.*, 27 Cal.2d 449 [164 P.2d 897], where plaintiff at night fell into an areaway adjacent to a parking lot where he had left his automobile. (See, also, *Travis* v. *Metropolitan Theatres Corp.*, 91 Cal.App.2d 664 [205 P.2d 475], and *Moise* v. *Fairfax Markets, Inc.*, 106 Cal.App.2d 798 [236 P.2d 216].)

Thus, the trial court was right in rejecting defendant's instructions as to the rule to be applied and in giving the instructions it gave.

## 2. CONTRIBUTORY NEGLIGENCE

█ In a more or less offhanded manner defendant apparently contends that plaintiff was guilty of contributory negligence as a matter of law because plaintiff testified that she knew the stairs were slippery and had no banister, and that the lack of banister was obvious. While the subject is not discussed to any degree it is necessary for us to determine the question. A case in which the facts on this point were quite similar to those in our case is *Neel* v. *Mannings, Inc.*, 19 Cal.2d 647 [122 P.2d 576]. There plaintiff was injured on a stairway by striking her head against a protruding ceiling board. (There the relationship between the parties differed from that in our case as the defendant was the owner of the restaurant and plaintiff was his invitee.) As to the contention of obvious danger and contributory negligence the court stated (pp. 655, 656) : ''The next question to be considered is whether plaintiff was as a matter of law guilty of contributory negligence. In this regard defendant relies on the rule that where one knows a condition to be dangerous and is injured because of failure to take heed thereof, such conduct will bar a recovery. But even though the evidence did establish that the alleged defect in the construction of defendant's premises was patent and observable to anyone using the stairway, and that in addition plaintiff by reason of her past visits to the restaurant was familiar with the existing condition, there would still be the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of plaintiff not to have kept in mind such element of danger when stepping toward the wall rail to allow other persons descending the stairs to pass. [Citations.] . . . Whether plaintiff's action was reasonable and prudent under the circumstances was for the jury to decide as an issue of fact. [Citation.] As was

said in *McStay* v. *Citizens Nat. T. & S. Bank, supra* [5 Cal. App.2d 595] at p. 600 [43 P.2d 560] : 'Where different conclusions may be reasonably drawn by different minds from the same evidence, the decision must be left to the jury.' " In *Hayes* v. *Richfield Oil Corp., supra,* 38 Cal.2d 375, the court discussed a similar contention (p. 385) : "Finally, Richfield contends that plaintiffs were guilty of contributory negligence as a matter of law. It is argued that Mr. Hayes, who knew of the location of the pit, was negligent in failing to warn his wife of its existence and that his negligence must be imputed to her. As to Mrs. Hayes, it is argued that she was negligent in proceeding over unfamiliar ground in the darkness instead of returning to the car over the better lighted route by which they had left the premises. The question of contributory negligence, however, was one of fact for the jury, and we cannot say that either plaintiff was negligent as a matter of law."

It is true that in our case plaintiff testified that she knew the slippery condition of the stairs at the time she started down them and that she went carefully, touching the side wall with the tips of the fingers of her free hand because of that fact. This was an auditorium to which the lessor knew the public was invited. We cannot say, as a matter of law, that a reasonable person knowing the slippery condition of the stairs in this public building would not have done as plaintiff claims she did, carefully endeavor to use the slippery stairs, nor that a reasonable person on discovering the condition would have refused to attend the recital or called the situation to the attention of the club people. Whether it was reasonable for her to use the only stairs to the stage under the circumstances and whether she was reasonably careful, were for the jury to determine. "We cannot say . . . that as a matter of law merely because plaintiff recognized a slippery condition of the floor which she felt to be dangerous and proceeded nevertheless to use the floor exercising the care and caution to which she testified, that she was contributorily negligent in so doing." (*Foster* v. *A. P. Jacobs & Associates,* 85 Cal.App.2d 746, 754 [193 P.2d 971].) The court properly instructed the jury on the defense of contributory negligence. Our case differs from *Fletter* v. *City & County of San Francisco,* 110 Cal.App.2d 820 [244 P.2d 59], recently decided by this court, where we held that plaintiff was guilty of contributory negligence as a matter of law. There, as the plaintiff was

an employee of the tenant, and the place of the accident was not a public one, a different rule of liability applied. But, more important, the evidence was susceptible of but one conclusion, that plaintiff, knowing of the presence of the opening between lifts, attempted to step across it and apparently without excuse misjudged the distance. There the cause of the fall was his misjudgment. Here the cause was the slippery condition of the steps.

### 3. RULINGS

(a) Building Code.

Plaintiff called the city clerk of Redwood City, in which city defendant's building is located. He testified to the passage by the city council of ordinance 546 adopting the Uniform Building Code. Plaintiff then offered into evidence section 3305, subsection G thereof only. Defendant objected on the ground that it was irrelevant, incompetent and immaterial, no proper foundation laid, and that the ordinance was passed in 1946 while the building was erected long before that time. This section, in effect, required that defendant's building have handrails on the stairs in question. ▪ The mere fact that the building was constructed prior to the ordinance would not make its provisions inapplicable. ▪ Under the police power the city has the right to enact requirements to make stairways in old as well as new buildings reasonably safe for patrons of public or semipublic buildings. ▪ No objection was made to the introduction of a part only of the ordinance or code. Now defendant contends that there is another section of the ordinance, section 103, which expressly made the ordinance applicable only to buildings erected subsequent to the passage of the ordinance in 1946. ▪ As courts do not take judicial notice of the contents of ordinances (see 10 Cal.Jur. p. 705), this section was not before the trial court nor is it before this court. ▪ Moreover, this point not having been raised in the trial court, cannot be raised here for the first time. While defendant objected to the introduction of the section of the ordinance on the grounds that the building was built prior to the adoption of the ordinance (at that time there was no evidence of the fact), and that no foundation was laid, the attention of the court was not called to section 103 (obviously neither counsel knew, and certainly the court did not know, of the existence of this section). The record of the discussion between court and counsel shows that defendant's objection was on the erroneous theory that an ordinance of this kind could not be applied retroactively rather than that

the ordinance itself provided that it was not to be retro-active. "Objections to evidence must be specific and state the correct grounds of inadmissibility before complaint can be made on appeal of the trial court's ruling." (*Hatfield* v. *Levy Bros.,* 18 Cal.2d 798, 809 [117 P.2d 841].)

Defendant now contends that its objection that no founda-tion was laid meant that plaintiff had failed to prove that the admitted section was retroactive. If this was what was intended by that very general objection, the attention of the court should have been directed to that point. As the record stood (and still stands) there was before the court a section of the ordinance which on its face purported to require the stairway in question to have railings. The trial court was entitled to, and did, as do we, construe the section as apply-ing to all buildings in existence at the date of its adoption. Thus cases like *Watwood* v. *Fosdick,* 212 Cal. 84 [297 P. 881], and *Lee* v. *Dawson,* 44 Cal.App.2d 362 [112 P.2d 683,] where the ordinance clauses making their provisions non-retroactive were before the court, are not applicable here.

(b) Instructions.

 In addition to the instructions which we have here-tofore considered in "Duty of Lessor," defendant contends that the court erred in giving the following instruction: "Every stairway shall have at least on[e] handrail. If a stairway is five feet or more in width, it shall have one hand-rail on each side." The court did not state whether or not the absence of a handrail would constitute negligence. This is the only reference to handrails in the instructions. The instruction was a quotation of section 16413 of the Health and Safety Code (State Housing Act) as it existed prior to its amendment in 1947. This act does not apply to build-ings of the type of defendant's auditorium, nor to buildings constructed at the time defendant's building was constructed. It should not have been given. However, it was error with-out prejudice for the reason that under its language only one handrail would be required, as the stairs are less than 5 feet in width, while under the ordinance handrails are required on both sides. Thus, the instruction was more favorable to defendant than one using the language of the ordinance would have been. It is doubtful that where, as here, the evidence shows that even in the absence of an ordi-nance or other requirement of law it was negligence on the part of defendant to maintain the stairway without a rail-ing, the giving of an erroneous instruction as to a require-ment of law that there must be a railing, would be prejudicial.

(See *McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal.App.2d 595, 602 [43 P.2d 560], and *Jewell* v. *New Hotel U. S. Grant,* 99 Cal.App.2d 47 [221 P.2d 170].)

Defendant offered three instructions based on *Powell* v. *Stivers, supra,* 108 Cal.App.2d 72, and *Zavalney* v. *Donovan, supra,* 70 Cal.App.2d 182, to the effect that there was no duty on defendant to warn plaintiff of obvious dangers. As pointed out herein, these cases were all ones in which the liability was that of a landlord to a tenant, and hence the rules there mentioned are not applicable in a case involving the liability of a landlord of a public building to the public. Moreover, there was no issue here of failure to warn.

(c) Other Rulings.

Defendant contends that the court's attitude towards it was unfair, arbitrary, cavalier and hostile, claiming that of approximately 21 objections by defendant to the introduction of evidence defendant was overruled approximately 20 times. We have examined the record, and without going into the mathematics of the situation, find that in at least half of the rulings the court was correct. As to the others, they were mainly nonresponsive or conclusion answers by witnesses, and the motions of defendant to strike them should have been granted. However, they constituted error without prejudice. Although the court was in some instances a bit arbitrary, we cannot say that it was cavalier, hostile, or on the whole unfair. Moreover, we cannot find that the court's attitude was prejudicial.

### 4. View of the Premises

Over defendant's objection the court granted plaintiff's motion to have the jury view the premises. The evidence showed that since the accident the stairs had been painted and banisters and treads installed. ■ The mere fact that changes have occurred at the scene of an accident does not necessarily prevent a view of the scene by the jury. Here there was no error in permitting the jury to visit the scene, because after the order to view was made, defendant removed the banister and treads, and the premises were the same as at the time of the accident, except that the stairs were painted. The fact that there was this change in condition was made clear to the jury. There was no error in permitting the jury to view the place of the accident.

A much more serious question arises because of the failure of the judge to be present with the jury. ■ The knowledge acquired by a jury by its visit to the premises is "in-

dependent evidence in the case." (*Neel* v. *Mannings, Inc., supra,* 19 Cal.2d 647, 654.) Therefore, the view of the premises is a part of the trial and it is the duty of the judge to be present at all times during the trial. It has been held in a criminal case that the failure of the judge to accompany the jury to view the premises is reversible error. (*People* v. *Yut Ling,* 74 Cal. 569 [16 P. 489].) However, counsel have cited no case, and we have found none, in which a similar rule has been applied to a civil case. In *Haley* v. *Bay Cities Transit Co.,* 82 Cal.App.2d 950 [187 P.2d 850], the trial judge was absent while the jury viewed the scene of the accident at which there was a demonstration of the manner in which a bus had been driven and stopped at the time of the accident. On motion for new trial it was urged that the judge abused his discretion in denying a new trial, because he did so without knowing and without considering the matters which the jury had observed. It was held that the trial judge should have been with the jury, but that his failure to be there did not constitute an abuse of discretion in denying the new trial. In that case no objection was made during the trial to the failure of the trial judge to accompany the jury. In our case, defendant requested the judge to go with the jury and seasonably objected to his failure to do so. In *City of Newport* v. *Commonwealth,* 108 Ky. 151 [55 S.W. 914], where the statute required the jury to be "accompanied by the judge" it was held that it was error but not prejudicial for the judge not to do so. In our case, there is no contention that anything untoward occurred while the jury was visiting the premises, nor is it pointed out how defendant was injured by the failure of the judge to be present, except, as in the Haley case, *supra,* defendant urges that the court could not properly pass on its motion for new trial without having seen what the jury saw. However, there was evidence as to the condition of the stairs at the time the jury saw them, which evidence the judge heard. He was therefore in a position to pass upon the motion for new trial fully. The failure of a judge to perform his duty and accompany the jury when it views the premises, should not be encouraged. We expressly hold it to be improper, but we cannot say under the circumstances of this case that defendant was prejudiced by such failure.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.