[Civ. No. 15569.   First Dist., Div. One.   Oct. 26, 1953.]

ALICE BACCUS, Respondent, v. F. C. KROGER, Appellant.

Keith, Creede & Sedgwick and Scott Conley for Appellant.

Healy & Walcom and Leo J. Walcom for Respondent.

BRAY, J.—Plaintiff obtained a jury verdict judgment against defendant Kroger and the city and county of San Francisco in the sum of $4,000 for personal injuries suffered. Kroger alone appeals.

### Questions Presented

1. Was it prejudicial error to permit expert testimony as to the unsafe condition of the sidewalk?

2. Was the use in 11 instructions of the words "dangerous or defective condition" error?

### Evidence

No attack is made on the sufficiency of the evidence. Defendant owns the premises at 19 Hoff Street, San Francisco. In 1907 he constructed a private garage and a driveway entrance thereto. This driveway crossed the sidewalk to the building which was contiguous with the inner edge of the sidewalk. Near the building there was a gradual decline extending from the sidewalk level to a depth some 6 inches below that level. The sides of the depression thus created were vertical. Plaintiff and her husband were returning early in the morning from a ball. She stepped into the depressed driveway with her left foot. In attempting to step out the high heel of the shoe on her right foot caught on the edge of the decline. She fell, fracturing two bones of her right ankle.

### 1. Expert Testimony.

Plaintiff called a structural engineer, who qualified as an expert. He was asked, over objection, if the depressed driveway in the sidewalk was "good safe standard engineering practice in the design of garages." He replied, "In my opinion, it is not standard and safe construction." When asked "why it is not safe construction," he replied, "We

have an abrupt drop in the sidewalk at a point where it would not ordinarily be anticipated or expected." "If they were of very gradual slope, extended back some distance from the edge of the driveway so a person approaching that depression would walk down a gradual slope instead of coming to an abrupt drop, it would be much safer." In overruling the objection to one of these questions the court stated: "He is testifying as an expert, and, of course, you, the ladies and gentlemen of the jury, are to decide the facts of the case for yourselves." Later the court gave the usual instruction concerning the function of expert testimony.

Obviously, whether the sidewalk was in a safe condition for pedestrian use was a question for the jury and not for an engineer.

*Wilkerson* v. *City of El Monte,* 17 Cal.App.2d 615 [62 P.2d 790], involved depressions across a city's streets, commonly called "dips." Two expert witnesses were permitted to testify that in their opinions these dips were unsafe for vehicle travel. The court held that there was no need for opinion evidence on the subject; that the opinions given were upon the ultimate question of fact to be determined by the jury and were clearly invasions of the province of the jury. "If the relation between the facts and their probable results can be determined without any special skill or training, the facts themselves must be given in evidence and the conclusions or inferences must be drawn by the jury." (P. 622.).

"Usually an expert cannot be asked whether a structure is a safe one, but all the facts may be elicited from the witness from which the conclusion follows." (*McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal.App.2d 595, 601 [43 P.2d 560].)

While the admission of the above quoted testimony was error, we do not see how it can be held to be prejudicial in this case. Not only was the condition of the sidewalk described to the jury but photographs of it were in evidence. The dangerous condition sticks out like a sore thumb. The only reasonable conclusion that can be drawn therefrom is that the depression did constitute a dangerous condition. Nor is it reasonable to assume that the jury verdict would have been any different than it was, had the expert not testified.

2. *Instructions.*

Defendant complains of the use of the words "dangerous or defective condition" in 11 different instructions.

It must be remembered that this action was brought against the city and county of San Francisco as well as against defendant Kroger. As against the city it is based upon the Public Liability Act, which makes a municipality liable for injuries resulting from the dangerous or defective condition of public streets, etc. The court properly gave the jury the terms of the act and necessarily had to use the criticized phrase. Defendant does not claim that the instructions given were erroneous, but claims, in effect, that the repetition of the phrase by the court would cause the jury to believe that the court had taken away from them the determination of the question of whether there was a dangerous or defective condition. Reading the instructions as a whole we find no such effect. The court clearly impressed upon the jury that they were to determine the facts in the case including whether a dangerous or defective condition existed. Three of the instructions were proposed by the city. In each instruction where the phrase was used it was necessarily used in defining the conditions under which the city could and could not be held liable. They were necessary to inform the jury fully of plaintiff's theory of the liability of the city, and the theory of the city's defense thereto. We fail to see how the court could have avoided using the phrase in order to charge the jury fairly.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.