[Civ. No. 9960. Third Dist. Feb. 28, 1961.]

MAGDALENA BERALL, Appellant, v. SQUAW VALLEY LODGE OF TAHOE, Respondent.

Reynold J. Gualco and F. Elizabeth Inglis for Appellant.

Weinstock, Anderson, Maloney & Chase and Harold J. Chase for Respondent.

SCHOTTKY, J.—Magdalena Berall has appealed from an adverse judgment in an action she brought to recover damages for injuries sustained when she fell in a corridor in one of the buildings which composed Squaw Valley Lodge.

On July 6, 1956, appellant was a paying guest at Squaw Valley Lodge, owned by respondent and located in Placer County. The lodge consisted of three buildings, a swimming pool, and a parking lot. Two of the buildings constituted dormitories for the accommodation of guests. The main building housed the dining room, lobby, bar and shops. All of the shops opened from a corridor. One wall of the corridor was white brick. The ski and other shops faced the 12-foot corridor described above. The shops had glass doors which also illuminated the corridor by whatever lighting there may have been inside the shops.

Appellant testified that she entered the corridor described above about 11 a. m., coming from the outdoors and the swimming pool, and that she was wearing a skirt and blouse and shoes with flat, large heels; that upon entering she was facing the beer garden; that she sat down on one of the benches near the door for a few minutes; that she proceeded down two steps and then walked a distance of several feet; that at this point she fell straight forward; and that the floor upon which she fell was very wet.

Appellant further testified that in the lower level of the area of the hallway in which she was walking at the time of the fall there was not normal artificial lighting but there was diffused sunlight coming from the glass doors behind her.

There was conflicting testimony as to the nature of the floor surface in this corridor. Appellant testified that as she fell she observed what appeared to her to be round stones, and respondent's agent testified that the surface was black asphalt tile.

Appellant also testified that it was so dark she could not find the ski store and was going straight ahead toward either the door that led to the beer garden or to the ski store. She could not see anything, only black and dark gray. Further, she testified that the artificial lighting was behind her and that she was going toward the darkness of the beer garden door which was closed.

Further, she testified that "it was so dark I couldn't find the ski store." And, "I wanted to go to the ski shop, and I couldn't see. I saw only a black wall without lights."

There was testimony that the corridor was paved with

asphalt tile in the area where appellant fell. The manager of the lodge testified that in the area where the appellant claimed to have fallen there were windows which permitted sunlight to illuminate the area and that there were electric light fixtures which were continuously turned on.

The social director of the lodge testified that she witnessed the fall. She testified that the area where appellant fell was well lighted and that there was artificial lighting in the corridor at the time.

The jury returned a verdict in favor of respondent, and appellant's motion for a new trial was denied.

Appellant does not contend that the evidence is insufficient to support the judgment but states that the only issue upon this appeal is whether or not the court committed prejudicial error in refusing to give the following instructions offered by appellant:

"Section 17819 of the Health and Safety Code of the State of California, provides as follows:

"Artificial lighting in apartment houses and hotels. In every apartment house with more than two apartments above the first floor, and in every hotel there shall be installed and kept burning from sunrise to sunset throughout the year artificial light sufficient in volume to illuminate properly every public hallway, public stairway, fire escape egress, elevator, public water-closet compartment, or toilet room, in any part of which there is insufficient natural light to permit a person to read."

"If you should find from the evidence that a party to this action conducted himself in violation of Section 17819 of the Health and Safety Code of the State of California just read to you, you are instructed that such conduct constituted negligence as a matter of law."

"However, in this action, a violation of law is of no consequence unless it was a proximate cause of (, or contributed as a proximate cause to,) an injury found by you to have been suffered by (the plaintiff)."

Section 15020 of the Health and Safety Code defines a hotel as follows: " 'Hotel' means any structure, or any portion of a structure, including any lodging house, rooming house, dormitory, turkish bath, bachelor hotel, studio hotel, public club, or private club, containing six or more guest rooms and which is occupied, or is intended or designed for occupation, by six or more guests, whether rent is paid in money, goods, labor, or otherwise. . . ."

Appellant contends that the building in which she fell is a part of a hotel within the meaning of the definition and that she was therefore entitled to the instruction. The trial court partly refused the instructions because the structure in which the fall occurred was not attached to the dormitories containing sleeping accommodations, did not contain such accommodations and therefore was not a hotel.

We do not believe that sections 17819 and 15020 of the Health and Safety Code can be given such a narrow construction. We believe that the term "hotel" as used in said sections was intended to apply to all portions of the hotel premises operated by and under the management of the hotel which were provided for the refreshment, comfort and entertainment of its guests. It is a matter of common knowledge that in this modern day a hotel, and particularly a resort hotel, consists of units other than dormitory or sleeping quarters. Respondent, Squaw Valley Lodge, in our opinion was a hotel composed of the units hereinbefore described, and the corridor in which appellant fell was a part of the hotel.

The purpose of section 17819 is to protect guests of the hotel, and the requirement that public hallways be lighted is to provide safe corridors for the guests in the hotel. Guests need protection as much in the lobby and corridors as they do in the dormitory buildings. We believe that one of the reasons for the statute requiring adequate lighting was to lessen the likelihood of a guest falling.

We conclude, therefore, that the portion of the hotel premises where appellant fell was within the definition of a hotel and that said section 17819 was applicable.

The standard of conduct of a reasonable man may be established by an act of the Legislature. In such a case the violation of a statute may be negligence if the plaintiff is one of the class of persons whom the statute was designed to protect and the harm which has ensued is of the type which the statute was intended to prevent. (Prosser on Torts [2d ed.], pp. 152 et seq.; *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279]; *McStay* v. *Citizens Nat. T. & S. Bank*, 5 Cal.App.2d 595 [43 P.2d 560].)

We believe that the court erred in refusing to give the instructions requested by appellant. "[A] party has a *right* to instructions on his theory of the case, if it is reasonable and finds support in the . . . evidence or any inference which may be properly drawn from the evidence."

(2 Witkin, California Procedure, p. 1780.) The evidence most favorable to appellant permits the inference to be drawn that she fell because of water which made the floor slick. The failure to have illumination in the corridor may have prevented her from seeing the floor and avoiding the alleged wet spot.

 There remains the question of whether or not the failure to give said instructions was reversible error. Respondent contends that even if the instructions should have been given, the evidence overwhelmingly supports the verdict. Respondent points to evidence that the area was well lighted; that appellant was wearing hiking shoes with protruding nails; that she had a history of prior falls; and that her testimony was that she was looking straight ahead at the time she fell. However a careful study of the record convinces us that there was ample evidence to have supported a judgment in favor of appellant and that the testimony referred to by respondent merely creates a conflict in the evidence. We believe that it is reasonably probable that a result more favorable to appellant would have been reached in the absence of the error in refusing the instruction in the language of section 17819 of the Health and Safety Code and that the judgment should be reversed.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied March 28, 1961, and respondent's petition for a hearing by the Supreme Court was denied April 26, 1961.